Mr. Justice SWAYNE
 

 delivered the opinion of the court.
 

 A stronger equity can hardly exist than that which is developed in favor of the appellee in the case before us.
 

 The order of the court below, annulling the decree upon which the suit at law in Pennsylvania was founded, was fatal to that action, and entitled Hay to a perpetual injunction, without reference to the final result of the prior case.
 

 This bill is not an original one. It is auxiliary and dependent in its character, as much so as if it were a bill of review.
 
 ‡
 
 The court having jurisdiction
 
 in personam,
 
 had power to require the defendant to do or to refrain from doing anything beyond the limits of its territorial jurisdiction which it might have required
 

 
 *253
 
 to be done or omitted within the limits of such territory.
 
 *
 
 Having the possession and jurisdiction of the ease, that jurisdiction embraced everything in the case, and every question arising which could be determined in it until it reached its termination and the jurisdiction was exhausted. While the jurisdiction lasted it was exclusive, and could not be trenched upon by any Other tribunal.
 
 †
 
 The court below might, upon a cross-bill, and, perhaps, upon motion, have given the relief which was given by the interlocutory and the final decree in the case before us.
 

 If it could not be given in this ease the result would have shown the existence of a great defect in our Federal jurisprudence, and have been a reproach upon the administration of justice. In that event the payment of the annulled decree may be enforced in Pennsylvania, and Hay, notwithstanding the final decree in that ease, and in this case, would find himself in exactly the same situation he would have been if those decrees had been against him instead of being in bis favor. They would be nullities as regards any protection they could have given him. Instead of terminating the strife between him and his adversary, they would leave him under the necessity of engaging in a new conflict elsewhere. This would be contrary to the plainest principles of reason and justice.
 

 The prohibition in the Judiciary Act against the granting of injunctions by the coui’ts of the United States touching proceedings in State courts has no application here. The prior jurisdiction of the court below took the case out of the operation of that provision.
 

 If the State courts should persist in proceeding — a thing not to be expected — the wrong will be on the part of those tribunals and not of the court below.
 

 Decree affirmed.
 

 ‡
 

 Logan
 
 v.
 
 Patrick, 5 Cranch, 288; Dunn
 
 v.
 
 Clark, 8 Peters, 1; Dunlap v. Stetson, 4 Mason, 349, 360; Clark
 
 v.
 
 Mathewson, 12 Peters, 164.
 

 *
 

 Watts v. Waddle, 6 Peters, 391; Lewis
 
 v.
 
 Darling, 1 Howard, 1.
 

 †
 

 Hagan
 
 v.
 
 Lucas, 10 Peters, 400; Taylor
 
 v.
 
 Carryl, 20 Howard, 484; Freeman
 
 v.
 
 How, 24 Id. 450; Taylor
 
 v.
 
 Tainter, 16 Wallace, 370.