## DIETZSCH *v.* HUIDEKOPER.

1. *Kern* v. *Huidekoper* (*supra,* p. 485) cited and approved.
2. After the plaintiff removed to the proper Circuit Court of the United States a suit in replevin brought in a State court, the latter proceeded to try it and render judgment for a *retorno habendo*. An action having been thereupon brought in the State court against him and his sureties on the replevin bond, they filed their bill in the Circuit Court, praying that the plaintiff in that action be enjoined from further prosecuting it. *Held*, that the Circuit Court properly granted the prayer of the bill.
3. The ruling in *French, Trustee,* v. *Hay* (22 Wall. 250) reaffirmed.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Edwin Walker* for the appellants.

*Mr. Henry Crawford, contra.*

MR. JUSTICE WOODS delivered the opinion of the court.

After the recovery of the judgment at law, on June 5, 1878, by Charles Kern, one of the appellants, in the Circuit Court for the County of Cook, in the action of replevin mentioned in *Kern* v. *Huidekoper, supra,* p. 485, notwithstanding the removal of the said cause to the Circuit Court of the United States for the Northern District of Illinois, the writ of *retorno habendo* was issued thereon, which the plaintiffs in the replevin suit refused to obey. Thereupon, on June 7, 1878, an action of debt upon the replevin bond given by them was begun in the Circuit Court of Cook County against Frederick W. Huidekoper, Thomas W. Shannon, and John Dennison, the principals, and A. B. Meeker and John B. Drake, the sureties on said bond.

The action was brought in the name of Emil Dietzsch, the coroner, for the use of Charles Kern, the sheriff, who was nominally interested only, the real interest in the litigation being in the judgment and execution creditors, the Bank of North America and John McCaffrey.

Thereupon Huidekoper, Shannon, and Dennison, on June 10, 1878, filed the bill in this case in the United States Circuit Court for the Northern District of Illinois, against Dietzsch and Kern, in which they prayed an injunction to restrain them, their attorneys, agents, &c., and the execution creditors represented by them, from prosecuting any suit upon said replevin bond against the principals or sureties therein, " or in any manner whatever taking any action to enforce any liability or right upon said pretended judgment of return entered in said Circuit Court of Cook County or upon the said replevin bond."

On July 1, 1878, a preliminary injunction was allowed restraining the defendants below from in any manner prosecuting said action upon the replevin bond, or in any manner enforcing said judgment of return.

After the filing of this bill the action on the replevin bond in the State court was dismissed as to all the defendants except John B. Drake.

On Oct. 20, 1879, the complainants below filed their supplemental bill, in which they alleged that on Oct. 1, 1879, on

motion of William J. Hynes, an order was entered in the Circuit Court for Cook County in the said suit, brought in the name of Emil Dietzsch on said replevin bond, against complainants and their sureties, by which the Bank of North America and John McCaffrey were substituted for Dietzsch as parties plaintiff in said action, and an amended declaration was filed by them as such plaintiffs, and a rule was entered against Drake requiring him to plead to such amended declaration within twenty days.

The supplemental bill charged that the Bank of North America and John McCaffrey, and Edwin Walker, their attorney, had personal knowledge of the allowance and issue of said injunction, and that the judgment in favor of the Bank of North America was the property of Walker, and that the proceedings in said action of debt were in violation of the injunction of the court and taken for the purpose of evading its orders, and prayed that the Bank of North America, McCaffrey, Walker, and Hynes might be made parties defendant to the bill, and that the injunction allowed upon the original bill might be so enlarged as to include the said new defendants.

Thereupon the Bank of North America, McCaffrey, Walker, and Hynes appeared and filed their demurrer to the original and supplemental bills, alleging as grounds of demurrer that the court had no jurisdiction to enjoin proceedings in the Circuit Court of Cook County, Illinois, as prayed for in said original and supplemental bills.

The demurrer was overruled. The defendants who demurred, electing to stand by their demurrer, declined to plead or answer. Thereupon a decree *pro confesso* was taken against them, and a final decree was made against all the defendants, by which the preliminary injunction allowed in the case was made absolute and perpetual.

That decree is brought here by appeal.

We have already decided in *Kern* v. *Huidekoper, supra,* that the suit in replevin, instituted by Huidekoper and others against Kern in the Circuit Court for Cook County, was removable to the United States Circuit Court; that by the proceedings for that purpose it was effectually removed on July 27, 1877, to the Federal court, which after that date alone had jurisdiction

thereof, and that all the subsequent proceedings in the cause in the State court were absolutely null and void.

Upon this state of facts, the only question for decision is, Could the court below enjoin the appellants from proceeding in the action at law, brought by them on the replevin bond in the Circuit Court for Cook County ?

The action on the bond in that court was simply an attempt to enforce the judgment of that court in the replevin suit, rendered after its removal to the United States Circuit Court, and after the State court had lost all jurisdiction over the case. If no judgment had been rendered in the State court against the plaintiffs in the suit, no action could have been maintained upon the bond. The bond took the place of the property seized in replevin, and a judgment upon it was equivalent to an actual return of the replevied property. The suit upon the bond was, therefore, but an attempt to enforce a pretended judgment of the State court, rendered in a case over which it had no jurisdiction, but which had been transferred to and decided by the United States Circuit Court, by a judgment in favor of the plaintiffs in replevin.

The bill in this case was, therefore, ancillary to the replevin suit, and was in substance a proceeding in the Federal court to enforce its own judgment by preventing the defeated party from wresting the replevied property from the plaintiffs in replevin, who, by the judgment of the court, were entitled to it, or what was in effect the same thing, preventing them from enforcing a bond for the return of the property to them.

A court of the United States is not prevented from enforcing its own judgments by the statute which forbids it to grant a writ of injunction to stay proceedings in a State court. Dietzsch, the original plaintiff in the action on the replevin bond, represented the real parties in interest, and he was a party to the action of replevin, which had been pending, and was finally determined in the United States Circuit Court. That court had jurisdiction of his person, and could enforce its judgment in the replevin suit against him, or those whom he represented, their agents and attorneys. The bill in this case was filed for that purpose and that only.

If the bill is not maintainable, the appellees would find themselves in precisely the same plight as if the judgment of the United States Circuit Court in the replevin suit had been against them, instead of for them. The judgment in their favor would settle nothing. Instead of terminating the strife between them and their adversaries, it would leave them under the necessity of engaging in a new conflict elsewhere. This would be contrary to the plainest principles of reason and justice.

As the bill in this case is filed for the purpose of giving to litigants on the law side of the court the substantial fruits of a judgment rendered in their favor, it is merely auxiliary to the suit at law, and the court has the right to enforce the judgment against the party defendant and those whom he represents, no matter how or when they may attempt to evade it or escape its effect, unless by a direct proceeding. These views are sustained by the case of *French, Trustee*, v. *Hay* (22 Wall. 250), between which and this case there is no substantial difference.

We think, therefore, that the demurrer to the bill was properly overruled.

*Decree affirmed.*