### SAMUEL SCHWAB v. WALTER H. COOTS.

*Removal of causes—Presumption as to legality.*

Where an application is made to an inferior court to remove a cause into a court of the United States, and it does not appear that the bond tendered was such as that court regarded as sufficient, this Court cannot presume on error that the omission to remove the cause was based on a denial of the legal sufficiency of the ground of removal.

Where the record does not show the ground of the action below it must be presumed on error to have been legal if legality was possible.

Error to the Superior Court of Detroit. Submitted January 20. Decided April 12.

CASE. Defendant brings error. Affirmed.

*Edwin F. Conely (Maybury & Conely)* for appellant.

*Griffin, Dickinson, Thurber & Hosmer* for appellee.

CAMPBELL, J. Plaintiff in error had judgment for damages rendered against him in the Superior Court of the city of Detroit and brought error to this court. It seems to· have been his purpose originally to rely on exceptions taken at the trial, but, although assigning errors on that theory, he announced on the hearing that he elected to waive his bill. of exceptions, and has not procured it to be signed or filed.

He now claims as the only error relied on, that the case had been removed to the United States circuit court before trial, and the Superior Court lost jurisdiction.

A somewhat serious question might arise whether the plea below was sufficient to indicate any controversy under the act of Congress capable of removal, as relied upon. But as the record now stands we need not consider this, as we do not think, in the absence of such showing as might perhaps have been made by a bill of exceptions, that we have anything to act upon. So far as the common-law record is concerned it shows an issue, trial and judgment upon full appearance and intervention of both parties by their counsel, and with no objection to the procedure. By Coots not excepting it must be conclusively assumed that if jurisdiction continued the trial was valid and not objected to, as it cannot be presumed that the court below committed any error, or refused to recognize the legal force of any valid objection brought to its notice.

Inasmuch as it has been ruled by the United States Supreme Court that in cases subject to removal the record stands practically entitled to be removed when a petition has been filed and a satisfactory bond given, we are disposed to consider that if all this appears in any responsible way on the record a writ of error might bring it up without a formal bill of exceptions. But as the act of Congress requires as a condition of removal, the filing of a bond " with good and sufficient surety," and neither that nor any other act of Congress fixes the amount, or method of determining the sufficiency of the surety, there can be no doubt it is necessary for some court to either fix or approve the bond and its surety, before it can be held conclusively sufficient.

This record brings up—and we shall assume regularly—a bond of $1000 accompanying the petition of removal filed below. To the bond is attached an *ex parte* affidavit of the surety's responsibility, purporting to be sworn to before a notary, but the statute does not provide for any such method of determination and no further approval appears. All

that further appears is that the case was not transferred. It does not appear on what ground this was, and no objection or exception was taken to the negative action of the Superior Court which might throw light upon it. The Court would unquestionably have embodied in its action the ground of decision if asked to do so. It is as legally consistent with failure to regard the bond as satisfactory, as with any other ground of disapproval. It has been distinctly held that the right of removal does not depend on the action of the State court, if all conditions have been fulfilled, and there was no occasion to apply to the Superior Court for any purpose but the approval of the bond, if the case was otherwise proper. We are bound to assume that the court below put its action upon a legal ground and not an erroneous one, and it is for the party alleging error to show error.

Plaintiff in error has seen fit to leave out from the record everything that would show—if such were the fact—that the Superior Court ever passed on the question whether the case was a proper one for removal, if the bond was satisfactory. We cannot review questions which have not been decided by the action below. And therefore we shall not be authorized to consider either whether the facts set up in the petition make out a case which is within the act of Congress or whether the plea below is sufficient in law to cover that case.

The judgment must be affirmed with costs.

The other Justices concurred.