## BALTIMORE & O. R. CO. *v.* FORD.

*(Circuit Court, D. West Virginia. June 27, 1888.)*

1. REMOVAL OF CAUSES—CITIZENSHIP—CORPORATIONS — FOREIGN — BALTIMORE & OHIO RAILROAD COMPANY IN WEST VIRGINIA.

The Baltimore & Ohio Railroad Company is a Maryland corporation, and as such entitled to remove a cause commenced in a court of West Virginia to the federal circuit court for that district. Following *County Court* v. *Railroad Co., ante,* 161.

2. SAME—PROCEEDINGS IN STATE COURT—WAIVER OF REMOVAL.

Where a defendant, after filing proper petition and bond in the state court for removal of the case to the federal court, again appears in the latter court and makes motions in the case, among others for continuance, such appearance does not confer jurisdiction upon the state court, and the case, having been properly removed, can be tried only by the federal court.[1]

3. SAME—TIME OF REMOVAL—WAIVER OF OBJECTION.

Where a defendant has removed a cause from the state to the federal court, and plaintiff, at the time of appearing in the latter court, does not suggest to it that the time had elapsed within which a removal could properly be had, nor move to remand to the state court, but demands a trial, he waives his right to raise the question in answer to defendant's bill to restrain the further prosecution of the suit in the state court.[1]

4. SAME—INJUNCTION—AGAINST PROCEEDINGS IN STATE COURT.

A plaintiff may be enjoined from pressing the trial of a cause in the state court, where proper petition and bond has been filed for its removal to the federal court, and judgment rendered in such latter court.[1]

In Equity. On application for an injunction restraining the prosecution of a suit in the state court.

*Boggess & Hutchinson,* for complainant.

*R. W. Monroe,* for defendant.

JACKSON, J., *(orally.)* The bill filed in this cause by the Baltimore & Ohio Railroad Company shows that on the 24th day of April, 1880, Francis M. Ford, administrator of the estate of Joseph M. Ashby, deceased, commenced a suit in the circuit court of Preston county, in the state of West Virginia, against this plaintiff, claiming damages $5,000; that afterwards, on the 3d day of June, 1881, the Baltimore & Ohio Company, before a final trial of the same, filed a petition in the circuit court of Preston county, accompanied with the proper bond, praying for the removal of the said cause from that court into the circuit court of the United States for this district; that on the 2d day of August, 1881, it filed in this court a copy of the record of the said suit, including all of the proceedings, as required by the act of congress, transferring the said suit from the state court into the United States court; that after the cause had been transferred to this court, the plaintiff, by his counsel, appeared from time to time, and upon two different occasions argued demurrers filed to the original and amended declarations, both of which demurrers were sustained, and an order was entered on the hearing of the second demurrer to the amended declaration dismissing the suit, and giving the

[1] See Larson v. Cox, (Kan.) 18 Pac. Rep. ——, and note.

defendant, the Baltimore & Ohio Company, a judgment for costs; that notwithstanding the case was transferred from the state to the federal court, wherein the same is exclusively cognizable, yet the plaintiff and his attorney, in defiance of the jurisdiction, orders, and judgment of this court, are threatening to press the trial of the cause in the state court, which would be injurious to the Baltimore & Ohio Railroad Company, and contrary to the act of congress. Upon this state of facts the bill prays that, inasmuch as the case has been adjudicated and determined in the United States court, that the plaintiff in the action on the law side of the court be enjoined and prohibited from any and all proceedings in the circuit court of Preston county, or any other court of the state. To this bill the defendant files his answer, admitting that he had instituted the suit in his character of administrator in the circuit court of Preston county, and that the Baltimore & Ohio Company had filed its petition, accompanied with the proper bond, praying for the removal of the same, and that no action was asked of or taken by the circuit court of Preston county upon the petition. The answer admits the judgment on the demurrer in the circuit court of the United States, but relies upon the fact "that no legal right existed to remove the cause into the circuit court of the United States at the time that it was removed," and claims that the appearance of the Baltimore & Ohio Company, from time to time, in the state court, was a waiver of their right to transfer the case. It also claims the Baltimore & Ohio Company to be a domestic and not a foreign corporation, and for these reasons asks that the preliminary injunction heretofore awarded be dissolved, and the bill be dismissed. To this answer exceptions were filed, but the court does not deem it material to notice them, inasmuch as the case turns upon the legal questions raised by the bill and answer, which can be disposed of upon the motion to dissolve the injunction, upon which the case is now heard.

As to the question whether the Baltimore & Ohio Railroad Company is a foreign or domestic corporation, this court has so often held that it is a foreign corporation, and as such entitled to sue in the United States court, that it is no longer considered an open question. *Railroad Co.* v. *Supervisors,* not reported; *County Court* v. *Railroad Co., ante,* 161; *Railroad Co.* v. *Harris,* 12 Wall. 65; *Railroad Co.* v. *Koontz,* 104 U. S. 5; *Goodlett* v. *Railroad Co.,* 122 U. S. 391 *et seq.,* 7 Sup. Ct. Rep. 1254. It is suggested in the answer that no action was taken by the circuit court of Preston county upon the petition and bond filed in that court by the Baltimore & Ohio Company, for the removal of the cause. In this connection it is claimed that, after the removal upon the part of the Baltimore & Ohio Company, its counsel appeared, from time to time, in the state court, and made motions in the case, among others, to continue it, and that for this reason it waived its right to be heard in this court. It was not important, nor was it necessary, for that court to act upon the petition and bond if it did not feel inclined to do so. Neither a want of action upon the part of that court, nor its refusal to remove the case, would divest this court of jurisdiction. Whenever the proper petition and bond were filed pursuant to the act of congress, that court lost its

jurisdiction, and this court acquired it when a transcript of the record was filed within the period prescribed by the act of congress, and that court had no right to proceed further with the case. The supreme court so held in the case of *Insurance Co.* v. *Dunn*, 19 Wall. 214, and in *Removal Cases*, 100 U. S. 457; *Railroad Co.* v. *Mississippi*, 102 U. S. 135; *Kern* v. *Huidekoper*, 103 U. S. 485. Justice HARLAN, in delivering the opinion of the court in *Railroad Co.* v. *Mississippi*, said "that it was scarcely necessary to say that the railroad company did not lose its right to raise the question of jurisdiction by contesting the case upon its merits in the state court, after its application for the removal of the suit had been disregarded. It remained in the state court under protest as to the right of that court to proceed further in the suit, and there was nothing in the record to show that it waived its right to have the case removed to the federal court, and consented to proceed in the state court as if there had been no petition and bond for the removal." In this case the state court retained it against the wishes of the railroad company, and whatever part it took in. the case was involuntary, and arose from necessity. It did nothing except to protect its rights as far as it thought necessary, and there is nothing in the record that shows a waiver upon its .part to have the case heard in the federal court. For this reason we are of opinion that nothing that transpired in the state court after the petition and bond were filed for removal changed the legal *status* of the case, and therefore it follows, the case being properly removed, that it can only be heard in the federal court.

The next question raised by the answer is that the petition was not filed, under section 3 of the act of 1875, within the time prescribed by the act, before or at the term at which the case could be first tried. The record at law in this case, and which is filed as an exhibit, shows that, at the first term that this case came upon the docket of the state court, it stood upon a writ of inquiry, and no action of the court was asked for by either party. At the next term of the court, when the case was first called for. trial, the petition and bond under the act of congress were filed. In the view the court takes of this case it is unnecessary to decide whether the case was triable or not at the term that it came upon the docket, upon the writ of inquiry, under the statutes of this state, for the reason that the record discloses that, after the case was transferred to the United States court, the plaintiff in that action appeared in that court, and did not suggest to it that the time had elapsed when the case . could be properly removed, nor did he move to remand the case to the state court, but instead of that he demanded a trial in the United States court, and, upon a demurrer to his declaration, which was fully argued by counsel for both plaintiff and defendant, and considered by the court, the demurrer was sustained, after which the plaintiff took leave to amend his declaration, and, in pursuance of the leave granted him, filed in the court an amended declaration, to which the defendant demurred, and which was fully argued by counsel of both the plaintiff and defendant, and again the court upon consideration sustained the demurrer, and entered an order dismissing the case upon the ground that the declaration

was insufficient in law to maintain the action.　This question was never raised until the filing of his answer to the bill of the railroad company seeking to restrain him from further prosecuting the suit in the state court.　The action at law was commenced on the 24th day of April, 1880, and from that time up to the filing of the answer in this case in January, 1887, there was never an intimation that the case had not been properly removed, much less a motion to remand.　The supreme court in the case of *French* v. *Hay*, 22 Wall. 238, holds "that an objection of this character would not be listened to in that court; the point never having been made in the court below until three years after the removal was made, and when the testimony was all taken, and the case ready for hearing." This case has been pending near seven years, and the time when he could properly have raised that question has passed, and he should be held to have waived that right.　In the case of *Ayers* v. *Watson*, 113 U. S. 598, 5 Sup. Ct. Rep. 641, Justice BRADLEY, in delivering the opinion of the court, says, "that the third section of the act of congress 1875 prescribes the mode of obtaining the removal, and the time in which it should be applied for.　The language of this section is modal and formal.　The directions, though obligatory, may, to a certain extent, be waived."　In this case there is no formal waiver of the requirements of this section, but all the acts of the party tend to show that the plaintiff in the action at law did not rely upon the position that he now takes in his defense to the suit in equity, —that the removal was not in time.　In the same opinion Justice BRADLEY says "that a waiver may be expressed or implied."　It would seem to the court that, under the circumstances of this case, common justice requires us to hold that this party by implication has waived the question raised by this answer, and for this reason we are of opinion that it is too late to avail himself of it now.

Having thus disposed of the questions raised by the pleadings in the case, we are asked to enjoin the plaintiff in the action at law from further prosecuting his suit in the state court, from which the case was removed. As we have seen, the case was properly removed from the state court into the federal court, and, when removed, the jurisdiction of the state court terminated, and the federal court alone had exclusive jurisdiction. Any proposed action by the plaintiff in that court would, under the removal act, be illegal and void.　We are therefore of opinion, under the authority of *French* v. *Hay*, 22 Wall. 250, as also under the authority of the case of *Dietzsch* v. *Huidekoper*, 103 U. S. 494, to grant the relief prayed for.　A decree will be passed refusing to dissolve the injunction, but perpetuating it, restraining and inhibiting Francis M. Ford, administrator of the estate of Joseph M. Ashby, deceased, the defendant in this cause, and the plaintiff in the action at law, his agents, attorneys, or servants, from the further prosecution of the suit at law in the circuit court of the county of Preston in this state.