## FRISHMAN *v.* INSURANCE COS., (seven cases.)

(*Circuit Court, D. Kansas.* March 14, 1890.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—AMOUNT IN CONTROVERSY.
   Under the removal act of March 3, 1887, a cause may be removed to the federal court on the ground of local prejudice, though the amount in controversy is less than $2,000, but over $500.
2. SAME—INJUNCTION AGAINST PROCEEDING IN STATE COURT.
   Though Rev. St. U. S. § 720, forbids the granting of a writ of injunction to stay proceedings in a court of a state, the circuit court may grant an injunction against the prosecution of an action in the state courts after its removal to the federal courts; but it will not resort to such writ where no injury is about to result to the moving party, and the question of the right to remove the cause is not finally decided.

At Law.    On application for writ of injunction.

Rev. St. U. S. § 720, provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

*F. L. Williams, J. S. Walker,* and *T. B. Dawes,* for plaintiff.

*Ware, Biddle & Cory,* for defendants.

FOSTER, J.    These cases, of which there are seven in number, with the same plaintiff but different defendants, have all been removed to this court from the state court on the ground of local prejudice, under the act of March 3, 1887.    In none of the cases does the sum in controversy amount to $2,000, nor less than $500.    Notwithstanding the removal, the plaintiff persists in prosecuting the cases in the state court, and the defendants ask for an injunction restraining him from doing so. The plaintiff insisted at the original hearing for removal, and still insists, that the cases are not removable by reason of the amount in controversy being less than $2,000, and that this court has no jurisdiction, and that the state court still holds the cases for trial.    He further maintains that the writ of injunction cannot be issued by reason of the inhibition of section 720 of the Revised Statutes.    If his first position is correct, it follows, of course, that this court has no jurisdiction, and the cases are triable in the state court.    It is not worth while to rediscuss the much-argued question whether a case involving over $500 and less than $2,000 can be removed, under the act of 1887.    The federal judges are divided in opinion on that question.    Mr. Justice HARLAN has held such cases were not removable.    Mr. Justice BREWER and some other judges have held a different opinion on that question.    However, I regard the matter settled in this circuit in favor of the right of removal.

As to the power of this court to enjoin the plaintiff from proceeding in the state court in cases of this kind, it is well settled that such power exists.    *French* v. *Hay,* 22 Wall. 250; *Dietzsch* v. *Huidekoper,* 103 U. S. 494; *Fisk* v. *Railway Co.,* 10 Blatchf. 518;    *Sharon* v. *Terry,* 36 Fed. Rep. 365; *Railroad Co.* v. *Ford,* 35 Fed. Rep. 170; *Wagner* v. *Drake,* 31 Fed.

v.41F.no.8—29

Rep. 849. In the last-named case, Judge Love, after citing the authorities, makes use of the following language: "The foregoing decisions leave no doubt whatever of the power of this court to grant injunctions in cases which have been regularly removed from the state courts; but the power to grant injunctions, and the duty of the court to grant them, are wholly different propositions." In the view this court takes of these cases, they are regularly removed from the state court, and that court can take no further legal proceedings therein. In other words, every thing done in the state court hereafter is null and void. Is it a proper exercise of equitable discretion or good practice to enjoin a party in such proceedings, until at least some material injury is about to result to the moving party? In the cases before cited, the party invoking the aid of the federal court was about to be injured, or his rights seriously complicated, by the proceedings complained of in the state court. The dividing line between the jurisdiction and powers of the federal courts and state courts is often so obscure and imperfectly traced that there is danger of a clash of authority. To avoid this, a wise discretion should be exercised. The laws of congress, enacted in pursuance of the constitution, are the supreme law of the land, and are binding upon the state as well as the federal courts. The law of 1887 imposes the duty upon this court of granting or refusing the order of removal for local prejudice. Whether it is wise for the plaintiff to test the legality of the order of removal by assuming that it is void, and proceeding in the state court to try the cases, is quite doubtful. However, if he chooses to do so, I cannot see that the defendants will suffer any great injury by it. Should he undertake, however, to enforce the judgment, it is not unlikely it would bring the questions within the rule established by the supreme court in the cases before cited. The question of jurisdiction, to say the least, is not free of doubt, and there is a difference of opinion, as before stated, on that question, and, until it is settled by the supreme court, no action of this kind, it seems to me, ought to be taken, unless the exigencies of the case absolutely demand it. The temporary injunctions asked for will have to be denied.