## ABEEL v. CULBERSON.

(Circuit Court, E. D. Texas. May 12, 1893.)

1. REMOVAL OF CAUSES—ACTION BROUGHT BY STATE.

When a state brings a suit against citizens she thereby voluntarily accepts all the conditions which affect ordinary suitors, except that no affirmative judgment, as for the payment of costs, can be rendered against

her; and if the cause is removed to a federal court it will proceed in the same manner as a suit between individuals.

2. SAME—ENJOINING FURTHER PROCEEDINGS IN STATE COURT.

The federal circuit court has authority to enjoin the prosecution in a state court of a case which has been legally removed to the federal court, but which the state court refuses to surrender jurisdiction over; and, while this authority will not be exercised when the question is merely one of inconvenience, yet the injunction will be granted if otherwise parties are likely to suffer serious detriment by the taking of their property or other irreparable injury.

In Equity. Motion for injunction to stay proceedings in the state district court for Hardeman county in the suit of the state of Texas against the Houston & Texas Central Railway, George E. Downs, and Charles Dillingham, predecessor of Alfred Abeel, receiver.

T. D. Cobbs, E. H. Graham, and E. B. Kruttschnitt, for complainant.

R. L. Batts, Asst. Atty. Gen., for defendant.

Before A. P. McCORMICK, Circuit Judge, and DAVID E. BRYANT, District Judge.

McCORMICK, Circuit Judge, orally delivered the opinion of the court.

In the matter of the motion we have been hearing yesterday and to-day, we are of the opinion that the suit in Hardeman county, brought by the state against the Houston & Texas Central Railway Company and George E. Downs, to which the receiver of the circuit court for the eastern district of Texas made himself a party, under article 4788 of the Texas Revised Statutes, claiming that he, as such receiver, was the real owner of the land involved in the suit, was a suit, as the issues were presented in the pleadings at the time the motion to remove was made, which could have been brought in the United States circuit court by the state. That the state, by presenting in her pleadings the issues between the parties as they appeared in the record when the petition for removal was presented, would have made a case of which the circuit court has jurisdiction. Said suit, in our judgment, presents issues that depend on the construction of the constitution and laws of the United States, or, in the language of the statute, arising under the constitution and laws of the United States, referred to in common language as federal questions. It is clear to us that the record in that case does present such federal questions. Those matters were well presented to the state court in a petition by all the defendants, accompanied by the proper bond, sufficiency of which is not questioned. This ousted the jurisdiction of that court, and the subsequent filing of the transcript of the record in the circuit court for the northern district of Texas completed a valid removal of the cause to that court, and the state court could proceed no further with it.

We have no difficulty in holding that the state, when she brings a suit against citizens or other parties, accepts all the conditions that affect ordinary suitors, except that no affirmative judgment, as for the payment of costs, can be had against her. The eleventh amendment to the constitution only exempts her from suits commenced or prosecuted by others. When she institutes a suit against a citizen, and cites him to answer, she cannot draw the mantle of sovereignty about her, and bid him, thus challenged, contend with her under any disability imposed by the eleventh amendment; she comes into court as any other plaintiff, so far as her opponents' right to defend is concerned. Therefore we consider that the motion for injunction made in this case should be viewed in the same way exactly as if the attorney general in his individual capacity was the party, and the state was not the party. Whether the state is the party or not makes no difference in this matter. She being a party plaintiff to the litigation, the suit one of her own voluntary instituting, and now properly removed to and pending in the circuit court, this motion should be determined as if she were an ordinary suitor.

We do not doubt the power of the circuit court to enjoin parties from proceeding in the state court in the removed causes where the state court has refused to surrender jurisdiction. We are mindful of the fact that in very many cases where the state courts have so refused to surrender jurisdiction, either the parties have refrained from asking the circuit court to stay subsequent proceedings by the state court, or the circuit court has declined to grant such relief when asked. In our view, it must, however, be conceded that the cases cited by counsel for the complainant in this motion from the supreme court and from eminent judges at the circuit, amply support and settle the power in the circuit court to grant such relief in a proper case, and indicate and illustrate the kind of case that will warrant, and even require, the granting of such relief. The delicacy of the situation justifies the exercise of a large discretion, and has been rightly judged to demand from the circuit court the exercise of such conservative and provident action as has usually resulted in their declining to exercise the conceded power. When, however, serious detriment (no mere inconvenience, or customary court costs) is likely to be inflicted on parties by the taking of their property, or other irreparable injury to their interests, not only the right to stay such proceedings by injunction is clear, but the duty becomes imperative. We consider that this application presents such a case. Here is an insolvent corporation whose property was taken into the custody of the circuit court for this district, and is being held by its receiver. It will necessarily, and, it seems to us, very materially, embarrass the circuit court in the exercise of its jurisdiction of this property to have this removed cause proceeded with in the state court. It is not simply an action of trespass to try title, wherein perhaps no material injury could be done until judgment was rendered, and a writ to put the plaintiff in possession was ordered, and about to issue and be executed, but it seeks to have original grants declared invalid or forfeited,

and to have certificates and patents, muniments of title, canceled, and, while ordinarily the matter of accumulation of costs or the mere inconvenience of the parties watching and defending the double litigation might not be deemed adequate to require the exercise of the power here invoked, the fact that the plaintiff is the state, against whom no judgment for cost could be enforced or rendered, is of weighty consideration.

It cannot be expected or required that the defendants shall abandon the case in the state court if the plaintiff is suffered to proceed there with the cause. It will necessarily involve considerable expense for such matters as fall within the limits of taxable costs. And it will necessarily involve a much larger expense for counsel fees, all of which, as is well known, must be paid out of the trust fund which this court is administering. Great public complaint has been made and is being made about the volume of expense for counsel fees that is incurred in these railroad foreclosure proceedings. The judges of this court cannot exclude from their consideration the knowledge of the public history connected with the inception and prosecution of this and kindred suits in the state courts. In the light of this knowledge is to be considered the course this litigation would run in the state court if we should refuse this motion. The trial will be had in the district court for Hardeman county; an appeal will be taken to the court of civil appeals for the district embracing that county, then to the state supreme court, when, if judgment go against the defendants there, they may have their writ of error to the United States supreme court.

The amount involved is large,—many thousand acres of land,— the questions of law are high and difficult, as all real questions as to the construction of the constitution and laws of the United States are; much delay in the course of this extended litigation is reasonably to be expected, and it seems to us idle to say that, because the state courts have lost their jurisdiction of the cause, their proceeding in it will not cloud the defendants' title, or seriously and irreparably affect their rights of property. The matter appearing to rest largely in the exercise of a sound discretion by the court, another consideration that has weight with the presiding judge is that, if we grant this motion for a preliminary injunction, as we have concluded to do, the attorney general may take an immediate appeal to the circuit court of appeals, which will resume its sessions on the 22d instant, where this appeal will have preference, and a prompt hearing and decision. We expect the circuit justice to preside in that court at its ensuing session.

If, on the other hand, we should refuse this motion, the mover could not now appeal unless, as the facts are all substantially before us, we make our action final by dismissing his bill; and in that case, though he would have his appeal from our final decree, it would have no preference in the circuit court of appeals, and that court would hesitate, and possibly decline, to review and reverse us in the exercise of our discretion in refusing such an injunction.

These reasons, briefly stated, have led us to conclude that the

injunction now asked should be granted. Counsel for the motion will prepare, and submit for passing, the proper decree in accordance with the prayer and the views we have just expressed.

Judge Bryant authorizes me to announce that he concurs fully in this decision and in the reasoning on which it is based.

The counsel cited, and the court considered and referred to, the following authorities: U. S. v. Louisiana, 123 U. S. 32, 8 Sup. Ct. Rep. 17; Ames v. Kansas, 111 U. S. 449, 4 Sup. Ct. Rep. 437; Omaha Horse Ry. Co. v. Cable Tramway Co., 32 Fed. Rep. 727; Railroad Co. v. Mississippi, 102 U. S. 135; Lowry v. Railway Co., 46 Fed. Rep. 84; State v. Illinois Cent. R. Co., 33 Fed. Rep. 721; French v. Hay, 22 Wall. 250; Dietzsch v. Huidekoper, 103 U. S. 494; Fisk v. Railroad Co., 10 Blatchf. 518; Sharon v. Terry, 36 Fed. Rep. 365; Railroad Co. v. Ford, 35 Fed. Rep. 170; Wagner v. Drake, 31 Fed. Rep. 849; Railway Co. v. Cox, 145 U. S. 601, 12 Sup. Ct. Rep. 905; Bank v. Calhoun, 102 U. S. 262; In re Ayers, 123 U. S. 443, 8 Sup. Ct. Rep. 164; Pennoyer v. McConnaughy, 140 U. S. 1, 11 Sup. Ct. Rep. 699