## The Pennsylvania Company *v.* Leeman.

[No. 20,004.  Filed January 29, 1903.]

Removal of Causes.—*Application.*—The filing and presenting of a proper application and bond for the removal of a cause to the federal court, by one entitled to the removal, *ipso facto* deprived the trial court of the right to proceed further.  *p. 18.*

Same.—*Waiver.*—Alleged error of court in denying the application of defendant for the removal of the cause to the federal court is not waived by the defendant by defending itself in the court below after its petition has been denied.  *p. 19.*

Same.—*Time of Making Application.*—A cause will not be reversed because of the ruling of the court in denying a petition for the removal of the cause to the federal court, where it appears from the record that the petitioner took a change of venue and afterward filed a dilatory plea on which a trial was had and made the application for removal more than five months after coming into court; since it will be presumed in view of the provisions of the code relative to the making of issues, nothing appearing in the record to the contrary, that the time when defendant was required to answer the complaint had expired when it tendered its application for removal.  *pp. 17–23.*

Same.—*Amended Complaint.*—The action of the court in denying the application of defendant for the removal of a cause to the fed-

eral court because of delay in making the application will not be reversed because of the filing of an amended complaint, where the original complaint is not in the record and it can not be ascertained whether the cause was changed from a non-removable to a removable one. *pp. 22, 23.*

From Boone Circuit Court; *B. S. Higgins*, Judge.

Action by Enoch Leeman against the Pennsylvania Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*S. O. Pickens*, for appellant.
*W. J. Beckett* and *A. J. Shelby*, for appellee.

GILLETT, J.—The appellee on the 13th day of August, 1900, filed his complaint in the Hendricks Circuit Court against appellant. On the 4th day of September, 1900, the latter filed a plea setting up a state of facts on which it based a challenge to the jurisdiction of the Hendricks Circuit Court to hear and determine the cause, and concluding with a prayer that the action abate. On the 18th day of September, 1900, appellant procured, and afterwards perfected, a change of the venue of said cause to the court below. Appellee filed a general denial to the plea in abatement, and on the 6th day of February, 1901, after a trial, said court entered a finding and judgment for appellee upon said plea. Appellee then filed an amended complaint in three paragraphs, and the court entered a rule against appellant to answer said complaint. Thereupon appellant filed its petition to remove said cause to the United States Circuit Court for the district of Indiana, on the ground commonly denominated as diverse citizenship, and at the same time filed its bond in that behalf, as required by law. The court approved the bond, but overruled the petition, and the appellant excepted to the latter ruling. Issues of fact were afterwards formed on the amended complaint, and a trial resulted in a verdict and judgment for appellee.

The leading question in the case is, did the court below

err in overruling the petition for removal? Upon a compliance with the act of congress relative to the removal of causes (25 Stat. at Large, 433), the act provides that: "It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit." If the appellant was entitled to the removal, the filing and presenting of a proper application and bond *ipso facto* deprived the trial court of the right to proceed further. *Kern* v. *Huidekoper,* 103 U. S. 485, 26 L. Ed. 354; *Railroad Co.* v. *Koontz,* 104 U. S. 5, 26 L. Ed., 643; *Postal Tel. Cable Co.* v. *Southern R. Co.,* 88 Fed. 803; *Mecke* v. *Valley Town Mineral Co.,* 89 Fed. 209. We are not called upon here to consider whether the writ of *certiorari* provided for by §7, 18 Stat. at Large, 472, operates as a supersedeas. 4 Ency. Pl. & Pr., 205; *Removal Cases,* 100 U. S. 457, 474; *Stone* v. *South Carolina,* 117 U. S. 430, 6 Sup Ct. 799, 29 L. Ed. 962. Even if the writ does not have that effect, the United States Circuit Court has power to bring about the same result by enjoining the plaintiff from prosecuting the action in the state court. *French* v. *Hay,* 22 Wall. 250, 22 L. Ed. 857; *Dietzsch* v. *Huidekoper,* 103 U. S. 494, 26 L. Ed. 497; *Baltimore, etc., R. Co.* v. *Ford,* 35 Fed. 170; *Abeel* v. *Culberson,* 56 Fed. 329. Where no such action is taken, however, and the defendant simply procures a transcript of the proceedings and files it in the United States Circuit Court, the result is, if both courts thereafter assert jurisdiction, that a case is presented where each court proceeds on its own responsibility in the matter of jurisdiction, both being ultimately subject to the control of the Supreme Court of the United States. As stated in *Missouri Pac. R. Co.* v. *Fitzgerald,* 160 U. S. 556, 582, 16 Sup. Ct. 389, 396, 40 L. Ed. 536: "If a state court proceeds to judgment in a cause notwithstanding an application for removal, its ruling in retaining the case will be reviewable here after final judgment under §709 of the revised statutes. *Stone* v. *South Carolina,* 117 U. S. 430. If a case be removed to the cir-

cuit court and a motion to remand be made and denied, then after final judgment the action of the circuit court in refusing to remand may be reviewed here on error or appeal. *Graves* v. *Corbin,* 132 U. S. 571. If the circuit court and the state court go to judgment, respectively, each judgment is open to revision in the appropriate mode. *Removal Cases,* 100 U. S. 457."

We are unadvised as to whether the United States Circuit Court has asserted jurisdiction over this cause, and it appearing from the record that the court below refused to order the removal, and asserted its continued jurisdiction over the cause, we are called upon to determine whether the record shows error.

Counsel for appellee err in their contention that the error, if any, was waived by the appellant by defending itself in the court below after its petition had been denied. *Removal Cases, supra; Insurance Co.* v. *Dunn,* 19 Wall. 214, 22 L. Ed. 68; *Kern* v. *Huidekoper, supra.*

To entitle a defendant to a removal, on the ground mentioned, he must file his petition at or before the time when he is "required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," and make and file therewith a bond with good and sufficient surety conditioned as required by the statute. §3, 25 Stat. at Large, 433, 435.

It has been held that the interposing of a demurrer, motion, or answer, before the time for the filing of answer is required, does not shorten the time for filing an application to remove. *Gavin* v. *Vance,* 33 Fed. 84; *Duncan* v. *Associated Press,* 81 Fed. 417. While doubt has been cast on the proposition stated, by *Fidelity, etc., Co.* v. *Newport News, etc., Co.,* 70 Fed. 403, we will assume that the filing of the answer mentioned did not, *per se,* shorten the time to file answer. We therefore turn to the Indiana statutes relative to the making up of issues. Section 403 Burns 1901 pro-

vides that: "On the second and each succeeding day of the term, the court shall call as many of the causes which stand for trial at such term, for issues, as the business of the court will permit; * * * and shall compel the parties to file their respective pleadings and answers to interrogatories, at such time as the court shall deem just, in no case allowing unreasonable delay, and the pleadings shall be completed at an early day of the term." Section 367 of the code provides that: "Every action shall stand for issue and trial at the first term after it is commenced, when the summons have [has] been served on the defendants ten days, or publication has been made for thirty days before the first day of the term," and the proviso of that section authorizes the making of the cause returnable specially, upon a day in term, by indorsement upon the complaint, and that in that event, upon the completion of service, the action shall stand for issue and trial at such term. Section 1375 Burns 1901 authorizes the circuit court to adopt rules, etc.

As was said in *Amsden* v. *Norwich Union Fire Ins. Soc.*, 44 Fed. 515, there is nothing explicit in the Indiana civil code in respect to the matter of answering or pleading, but the matter is left to be governed by the rules or practice of the court. The validity of a general rule was impliedly recognized in that case; and in *Daugherty* v. *Western Union Tel. Co.*, 61 Fed. 138, the court refused to take jurisdiction of the cause because the application was made after the time allowed the defendant to answer under a general rule of the state court had expired. The record in this case does not show that the appellant was expressly ruled to answer until after the filing of the amended complaint. The rule at that time entered does not exclude the idea of the existence of a general rule that was perhaps inapplicable to the particular case. With a record silent as to whether there was a general rule of court respecting the filing of answers, and the burden upon the appellant to show error, and considering that the code contemplates that the issues

Pennsylvania Co. *v.* Leeman.

shall be made up promptly, we think we may presume that the time when appellant was required to answer the complaint had expired when it tendered its application for removal.

Admitting that the plea that was filed afforded such an obstacle to the operation of a general rule to answer that an answer to the merits could not be required until the pending plea was disposed of, the question arises whether such plea was not an answer within the statute. This question has been determined. In *Martin* v. *Baltimore, etc., R. Co.,* 151 U. S. 673, 686, 14 Sup. Ct. 533, 38 L. Ed. 311, it was said: "This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint.' These words make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet. Stephen, Pleading (1st Am. ed.), 60, 62, 63, 70, 71, 239; Lawes, Pleading, ~36. The judiciary act of September 24, 1789, c. 20, §12, required a petition for removal of a case from a state court into the circuit court of the United States to be filed by the defendant 'at the time of entering his appearance in such state court.' 1 Stat. 79. The recent acts of congress have tended more and more to contract the jurisdiction of the courts of the United States, which had been enlarged by intermediate acts, and to restrict it more nearly within the limits of the earliest statute. *Pullman Car Co.* v. *Speck,* 113 U. S. 84; *Smith* v. *Lyon,* 133 U. S. 315, 320; *In re Pennsylvania Co.,* 137 U. S. 451, 454; *Fisk* v. *Henarie,* 142 U. S. 459, 467; *Shaw* v. *Quincy Mining Co.,* 145 U. S.

444, 449. Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States."

Laying aside for the moment all question as to the effect of the filing of an amended complaint, we have to say that it cannot be that a defendant who appears to have taken a change of venue, and filed a dilatory plea, on which a trial has been had, can insist, after more than five months has passed since his coming into court, that his time to answer shall not be presumed to have expired. The appellant occupies the seeming attitude of experimenting with the state court, within the case of *Rosenthal* v. *Coates,* 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399, instead of asserting its right of removal promptly, as the spirit of the act of congress requires.

Did the filing of an amended complaint extend the time of removal? It has been said by the Supreme Court of the United States that the requirement as to the time within which a removal must be applied for is not jurisdictional, but modal and formal, and to avoid a denial of the right of removal, where circumstances have intervened that were wholly beyond the control of the defendant, it will be held in such cases that the incidental provision as to time must yield to the principal provision as to the right. *Powers* v. *Chesapeake, etc., R. Co.,* 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. If the appellee had by amendment changed the cause from a non-removable to a removable one, or had made an amendment to a removable cause that operated to introduce a new cause of action, also removable, we do not

Pennsylvania Co. *v.* Leeman.

doubt that such amendment would authorize the appellant to remove the cause. In this case, however, the original complaint that was taken out of the record by the filing of an amended complaint has not been brought into the record by bill of exceptions or otherwise; in fact, it is not in the transcript, and we do not know wherein it differed from the amended complaint. If the amendment was only of a formal character, the provision of the statute as to the time of the filing of the application to remove ought to prevail. The trial court had a right to inspect the whole record, when it passed on the motion to remove, to ascertain whether the petition was filed in time *(Powers* v. *Chesapeake, etc., R. Co., supra),* and it is our opinion that we ought to presume, in favor of its action, that the motion was filed too late. As said by Campbell, J., speaking for the supreme court of Michigan in a case where the lower court had denied a petition to remove: "We are bound to assume that the court below put its action upon a legal ground and not an erroneous one, and it is for the party alleging error to show error." *Schwab* v. *Coots,* 48 Mich. 116, 11 N. W. 832. Error will not be presumed where the record is silent or incomplete. 2 Ency. Pl. & Pr., 420 *et seq.;* 18 Ency. Pl. &. Pr., 345, 397, 398; Elliott, App. Proc., §717. We can not reverse this case on the ground that the court below denied the petition to remove.

A motion was made by appellant, relative to the amount of the judgment, that was overruled. The action of the court was proper. *Chicago, etc., R. Co.* v. *Ostrander,* 116 Ind. 259; *Salem-Bedford Stone Co.* v. *Hilt,* 26 Ind. App. 543.

Judgment affirmed.