ST. BERNARD MIN. CO. v. MADISONVILLE TRACTION CO.

(Circuit Court, W. D. Kentucky. May 27, 1904.)

1. STATE COURTS—REMOVAL OF CAUSE—FURTHER PROCEEDINGS—INJUNCTION.

Where a proceeding to acquire land for a railroad right of way was properly removed to the federal court after the report of commissioners had been filed in the state court, the state court having been deprived of jurisdiction by the removal proceedings, the federal court had jurisdiction to enjoin the plaintiff from proceeding further with the action in the state court, though section 720, Rev. St. [U. S. Comp. St. 1901, p. 581], provides that an injunction shall not be granted by any court of the United States to stay proceedings in a state court except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy.

E. G. Sebree, for complainant.
Fairleigh, Straus & Fairleigh, for defendant.

EVANS, District Judge. The defendant, a citizen of Kentucky, having instituted a proceeding in the Hopkins county court to condemn to its own uses certain real estate belonging to the complainant, a citizen of Delaware, the latter removed that proceeding to this court. Subsequently it filed its bill of complaint stating the grounds upon which it asked the court, in aid of its jurisdiction in the other proceeding, and to prevent irreparable injury to the complainant, to enjoin the defendant from further proceedings in the state court. The defendant demurred to the bill.

In view of the peculiarities of that litigation, and the great inconvenience that might otherwise result, the court originally granted the temporary restraining order against the traction company for those reasons, and upon the idea that the case for the condemnation of the land was certainly removable, and that it certainly had been removed. Those reasons still apply with undiminished force. When the proper steps for removal have been taken, the statute—the supreme law of the land, binding upon all courts, state and federal alike—expressly enjoins that the state court shall proceed no further in the cause. The court, in its opinion this day delivered upon the motion to remand the condemnation suit, has, as it is believed, shown that it now has jurisdiction of that case. 130 Fed. 789. This being so, the power of the court to grant the injunction, if, on the facts, it becomes advisable, seems clear under the authorities, for, notwithstanding the provisions of section 720, Rev. St. [U. S. Comp. St. 1901, p. 581], the

¶ 1. Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.

courts hold that in removal cases they may, where it seems necessary to the ends of justice, protect their jurisdiction by enjoining the plaintiff from proceeding further with the action in the state court. This is in part upon the ground that by the removal the state court has been deprived of jurisdiction, and that thereafter the federal court alone has it. French v. Hay, 22 Wall. 253, 22 L. Ed. 857; Moran v. Sturges, 154 U. S. 269, 270, 14 Sup. Ct. 1019, 38 L. Ed. 981; Black's Dillon on Removal of Causes, § 194, and the numerous cases cited; Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497, and its attendant case, Kern v. Huidekoper, 103 U. S. 483, 26 L. Ed. 354; Abeel v. Culberson (C. C.) 56 Fed. 329; Wagner v. Drake (D. C.) 31 Fed. 849; B. & O. R. R. Co. v. Ford (C. C.) 35 Fed. 170; Frishman v. Insurance Co. (C. C.) 41 Fed. 449; Terre Haute, etc., R. R. Co. v. Peoria, etc., R. R. Co. (C. C.) 82 Fed. 943. In the last of these cases, at page 946, Judge Grosscup said:

"The removal statutes have, in substance, from the original judiciary act to the present time, provided that any suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction, shall be removable. It seems plain that, if the federal court cannot protect its jurisdiction by restraining all proceedings in the state court destructive thereof, the whole case is not in fact removed. Indeed, had not the right of such injunction upon state proceedings been sustained in Dietzsch v. Huidekoper, the federal court would by the removal have obtained nothing but the shell of the case while its substance—the real power, affecting the interests of the parties—would have remained in the state court.

"These statutes, conferring jurisdiction in all cases arising in law or in equity, where certain conditions exist, were not intended to confer merely fractional jurisdiction. The right of the federal court to take cognizance of the controversies arising in such cases, with all the remedies usually applied in law and in equity, was clearly contemplated. Section 720, Rev. St. [U. S. Comp. St. 1901, p. 581], could never have been intended to trench upon this grant of jurisdictional domain. Such interpretation would imply an intention on the part of Congress to repeal a portion of the power expressly given to the courts both by the Constitution and the judiciary act. In their literal scope, the Constitution and statutes conferring jurisdiction, and this section 720, are in conflict, and to the extent of such conflict the legal effect of the latter statute must be narrowed down. The cases cited, and a line of cases in the Supreme Court of the United States, of which they are a development, clearly show that this is the interpretation put upon these two apparently inconsistent lines of legislation."

The demurrer to the bill is accordingly overruled, and, as it seems necessary to the ends of justice, the motion of the mining company for the injunction pendente lite will be sustained.