PACIFIC LIVE STOCK CO. v. LEWIS et al.

(District Court, D. Oregon. September 28, 1914.)

No. 6463.

1. Courts (§ 508*)—Federal Courts—Injunction Against Proceedings in State Court.

When a suit commenced in a state court has been legally removed to a federal court, that court may, when necessary to protect its own jurisdiction or render effective its decree, enjoin further proceedings in the state court; but when it has refused to assume jurisdiction, on the ground that the cause was not removable, a bill in equity for an injunction is not a proper method to review its judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

2. Courts (§ 508*)—Restraining Action by State Board—Pendency of Suit in Federal Court.

A proceeding before the state water board of Oregon to determine the respective rights of all claimants and users of water from a stream under the state law does not interfere with a private suit in a federal court between two of such users to enjoin interference by one with the use of water by the other, and affords no ground for the issuance of an injunction to restrain action by the state tribunal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

3. Constitutional Law (§§ 249, 318*)—Waters and Water Courses (§ 4*)—Due Process of Law—Equal Protection of Law—Proceedings Before Administrative Board.

The Oregon water law (Laws 1909, p. 319), which provides for the hearing of contested claims to water before the state water board, on notice, and with the right to be heard and to produce testimony, and for a judicial review, with right of appeal, before the determination of the board

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

becomes final, does not deprive a claimant of his property without due process of law, or deny him the equal protection of the laws.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 710, 949; Dec. Dig. §§ 249, 318;* Waters and Water Courses, Cent. Dig. § 1; Dec. Dig. § 4.*]

In Equity. Suit by the Pacific Live Stock Company against John H. Lewis, James F. Chinnock, and George T. Cochran, constituting the State Water Board of the State of Oregon, C. B. McConnell, Emory Cole, Leonard Cole, the Harney Valley Improvement Company, the Silvies River Irrigation Company, the William Hanley Company, R. R. Sitz, Fred Otley, and M. B. Hayes. On motion for preliminary injunction. Denied.

John Rand, of Baker, Or., and Edward F. Treadwell, of San Francisco, Cal., for complainant.

Emmons & Webster, of Portland, Or., J. W. Biggs, of Burns, Or., Wood, Montague & Hunt, of Portland, Or., A. M. Crawford, of Salem, Or., George T. Cochran, of La Grande, Or., and C. B. McConnell, of Burns, Or., for defendants.

Oliver P. Morton, of Portland, Or., amicus curiæ.

Before GILBERT, Circuit Judge, and WOLVERTON and BEAN, District Judges.

BEAN, District Judge. This is an application for a preliminary injunction in a suit brought by the complainant, a California corporation, against the Oregon state water board and others, to enjoin and restrain further proceedings before the water board in the matter of determining the relative rights of more than 200 users of the waters of Silvies river in this state.

The proceedings were regularly initiated before and by the water board in November, 1911, under the legislative act of 1909 (Laws of Oregon, page 319) providing for the control, disposition, and use, and the determination of existing rights to the use, of the waters within the state. Notices were regularly served upon the various claimants, including the complainant, as required by law, and within the time fixed therein the complainant filed with the water board a petition and bond for removal of the proceedings to this court on the ground of diversity of citizenship; but the court declined to assume jurisdiction, and the matter was remanded to the state tribunal. In re Silvies River (D. C.) 199 Fed. 495. The complainant thereafter filed its claim to the use of the waters of the stream with the water board, paying the fees therefor required by law, and thereafter the board gave notice to the various claimants that it would at a certain time proceed to the taking of testimony in support of such claims and the contests arising thereon.

The complainant thereupon commenced this suit to enjoin the proceedings on the grounds: (1) That the matter had been duly and regularly removed to it by this court, and therefore the state tribunal had no right to proceed further in the matter. (2) That prior to the in-

stitution of the proceedings before the state board complainant had commenced suits in this court against the Harney Valley Improvement Company and the Silvies River Irrigation Company and the William Hanley Company, alleging that such corporations threatened to take and divert from the lands of the complainant a large amount of money to which it was entitled, and praying for an injunction, that issues were joined in such suits, and that they are now pending and undetermined in this court. And (3) that the act of the Legislature of Oregon creating the water board and prescribing its powers and duties is violative of the federal Constitution in so far as it undertakes to vest in the board the power to hear evidence and determine the rights of the claimants to the water, because it deprives them of their property without due process of law and denies them adequate judicial protection.

[1] Whenever a suit commenced in a state court has been legally removed to the federal court, the latter may, when necessary to protect its own jurisdiction or render effective its decrees, enjoin further proceedings in the state court. Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497; French v. Hay, 22 Wall. 250, 22 L. Ed. 857; Wagner v. Drake (D. C.) 31 Fed. 849; Abeel v. Culberson (C. C.) 56 Fed. 329. But in this matter the court has refused to assume jurisdiction on the ground that it was not removable, and a bill in equity is not the proper method to review its judgment.

[2] Nor is there any doubt of the authority of a court of the United States to grant an injunction to stay proceedings in a state court to protect its own prior jurisdiction (Cen. Trust Co. v. Western N. C. R. Co. [C. C.] 112 Fed. 471); but no such necessity exists here. The matters involved in the two proceedings are essentially different. That before the state board is to ascertain, determine, and fix the relative rights of all the claimants, including the complainant, to the use of water from a common source, while the purpose of the suits pending in this court is to enjoin threatened interference by certain parties with the complainant's use of the water, and, in our judgment, is not a bar to the proceedings before the state tribunal; nor does it prevent the state authorities from ascertaining and determining the relative rights of the claimants as provided in the state law, whether their conclusions, if they come to issue here, may or may not be binding on this court. Insurance Co. v. Brune's Assignee, 96 U. S. 588, 24 L. Ed. 737; Sperry & Hutchinson v. Tacoma (C. C.) 190 Fed. 682. In one of the cases referred to the matter involved is now before the water board in pursuance thereof by direction of the Court of Appeals. Pacific L. Co. v. Silvies R. Ir. Co., 200 Fed. 487, 118 C. C. A. 513.

[3] The provisions of the Oregon water law are stated somewhat in detail in the opinion of the court on the motion to remand and need not be repeated here. It is sufficient for present purposes to add that section 17 thereof provides that at the time of the submission of proof of appropriation, or at the time of taking testimony for the determination of rights to water, the division superintendent shall collect from each claimant or owner a fee of $1 for recording the water

right certificate, when issued, in the office of the county clerk, and an additional fee of 15 cents for each acre of irrigated land up to and including 100 acres, and 5 cents per acre for each acre in excess of 100 acres up to and including 1,000 acres, and 1 cent for each acre in excess of 1,000. And section 21 requires, in case of a contest, a deposit of $5 from each party for each day the superintendent shall be engaged in taking testimony, to be refunded to the party in case the contest is decided in his favor. All other deposits and the fees provided by section 17 are to be paid into the state treasury.

The state statute provides for notice to the various claimants of every step in the proceedings before the water board, and gives them an opportunity to be heard, to produce testimony in support of their claims and such contest as they may initiate. It also requires the determination of the board and the original testimony taken by it to be filed with the state court for its consideration, and gives the parties 30 days thereafter in which to file exceptions to the determination of the board, provides that they may be heard by counsel upon the consideration of such exceptions, that the court may, if necessary, remand the case to the board for further evidence, and after a final hearing the court shall enter a decree affirming or modifying the orders of the board, from which decree an appeal may be taken to the Supreme Court in like manner and effect as in other cases in equity. It thus furnishes interested parties not only adequate opportunity to be heard before the water board, but provides for a judicial review by the courts before the determination becomes final, and therefore is not a denial of due process of law or the equal protection of the laws. O. R. R. & N. Co. v. Fairchild, 224 U. S. 510, 32 Sup. Ct. 535, 56 L. Ed. 863.

Laws governing the regulation and distribution of water and providing for the determination of the rights of the respective claimants thereto, similar in many respects to the Oregon statute, are in force in several of the arid states, and as far as we are advised the universal holding of the courts where the question has been judicially determined is that the water board or officer charged with the duty of executing such laws is an administrative body or officer clothed with certain quasi judicial powers necessary to enable it or him to discharge such administrative duties, and the proceedings before the board or officer are not judicial, and do not deprive the claimant of his property or water right without due process of law, since provision is made for resort to the courts by a dissatisfied claimant. The question is ably and satisfactorily discussed in Farm In. v. Carpenter, 9 Wyo. 110, 61 Pac. 258, 50 L. R. A. 747, 87 Am. St. Rep. 918, Crawford Co. v. Hathaway, 67 Neb. 325, 93 N. W. 781, 60 L. R. A. 889, 108 Am. St. Rep. 647, McCook Ingales Co. v. Cross, 70 Neb. 115, 102 N. W. 249, and Ormsby v. Kearney, 142 Pac. 803, recently decided by the Supreme Court of Nevada, and it would be mere reiteration to attempt to add anything to what has already been said on the subject in the opinion on the motion to remand.

It is claimed that, since the statute provides that any party who fails to appear after notice and submit to the water board proof of his claim

shall be barred from subsequently asserting any rights thereafter acquired, the provision requiring him to pay a fee for so doing is in effect depriving him of his property without due process of law. It is not necessary for us to determine that question in this case. The bill of complaint shows that the complainant has paid the required fee and filed its claim before the board, and therefore is not being deprived of any right it may have to the waters of the stream. The other probable expenses referred to in the bill, such as attorney's fees and cost of procuring evidence on behalf of the complainant, are not required by the statute to be paid or incurred, but are within the control of the complainant, and as such may be incident to any proceedings in which it deems its interests are involved. Moreover, if the provision requiring a payment of fees by a claimant as a condition to asserting his rights to the use of the water is void, it is so clearly separable from the other provisions of the statute as not to render the whole act invalid. Berea College v. Ky., 211 U. S. 45, 29 Sup. Ct. 33, 53 L. Ed. 81. It is analogous to a penalty provided for violation of a law, which does not render the entire law void, where it is not unreasonable to believe that the lawmaking power would have adopted the statute without the penalty. Reagan v. Farmers' L. & T., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Flint v. Stone, Tracey Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312.

It follows that the injunction should be denied; and it is so ordered.