This matter is before me on petition of Joseph J. Schotland, receiver of the H. B. Investment Company, and order to show cause issued thereon why respondents should not be held in contempt, in which petition it is alleged that respondents on January 18th, 1933, filed a petition in the United States district court petitioning that court to adjudicate the H. B. Investment Company, of which they were the officers and directors, a bankrupt in alleged violation of the order of this court dated January 10th, 1933, restraining said corporation "from exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, moneys, funds, lands, tenements or effects, except to the receiver appointed by this court." The order containing the restraint adjudicated the corporation to be insolvent and appointed petitioner its receiver. It directed creditors and stockholders to show cause on January 17th, 1933, why the receiver named should not be continued, or some other person appointed in his stead.
On the return date of the order to show cause why the respondents should not be held in contempt, the respondents through their solicitor, Charles E. Hendrickson, on notice of motion to vacate the order to show cause presented and filed their several affidavits in support of the motion. Baldwin says that he was informed of the order containing the restraint by Henn and that together they went to the office of Charles E. Hendrickson, and upon the advice of Hendickson, their counsel, Henn prepared the petition in bankruptcy. He disclaims any intention of disobeying the order of the court. Struble, another one of the respondents, in his affidavit says that Henn, Baldwin and he are the directors of the H. B. Investment Corporation, and that he voted for the resolution authorizing the officers to consent to the petition in bankruptcy and denies that he was served with the order of this court, or that he had any knowledge of the same. I doubt that he was in ignorance. *Page 157 
Frederick C. Henn, himself a member of the bar, files affidavit in which he says: "On or about January 3d 1933, I was served with an order made in this cause, for the appointment of a receiver, returnable January 10th, 1933. On the return day, I appeared at the chancery chambers, in Newark, and met the solicitor of the complainant. I told him that there was no question but that the company was insolvent and that if a receiver was appointed he would be unable to realize sufficient moneys to pay the expense of the litigation, * * * and that it was my opinion, that if it was the desire of the creditors to take action against the company, a petition in bankruptcy would be the most economical and would bring about the same result. I was unable to remain at the court room and requested Mr. Silberman to inform the court, when his application was heard, * * * that the company contemplated filing its petition in the bankruptcy courts." He says that on January 11th, 1933, Schotland, the receiver, called on him at his office in Jersey City, and that he told the receiver the books of the company were in a vault, and that he (Henn) would deliver them the following day. Further, his affidavit reads: "On January 17th, 1933, Mr. Baldwin, Mr. Struble and I met at my office and signed a petition to have the company declared a bankrupt in the United States district court, and did file a consent to have the company adjudicated a bankrupt."
If the officers of this corporation after the appointment of the receiver desired to file petition in bankruptcy, the proper course for them to pursue would have been to apply to this court for permission to file such petition, and for leave to permit the officers to act. The injunction forbade its officers, servants and agents from exercising any of their powers. Once the injunction under the statute enjoining a corporation, its officers, servants and agents from exercising any of its privileges and franchises is issued, directors who meet and pass a resolution authorizing the filing of a voluntary petition in bankruptcy and officers who execute such petition are guilty of contempt. That they did so upon the advice of counsel *Page 158 
cannot be considered as excusing a contempt, although it may be considered in mitigation of sentence. Cavagnaro v. Indian Tireand Rubber Co., 90 N.J. Eq. 532.
Although the solicitor of respondents, Charles E. Hendrickson, who advised respondents in the face of the restraint to file the petition is not before the court on order to show cause why he, too, should not be held in contempt, I deem it proper in view of respondents' affidavits to say in passing, that his conduct will not be permitted to pass unnoticed. Contempts are not only civil or criminal but are also either direct, which openly insult or resist the power of the courts, or the persons of the judges, or are consequential, which, without such gross insolence, and direct opposition, plainly tend to create a universal disregard of their authority. In re Merrill, 88 N.J. Eq. 261.
Baldwin and Struble are laymen and relied upon the advice of counsel. Their guilt will be determined on the hearing.
Henn is a member of the bar and a solicitor of this court, and as such, how can he be heard to urge the advice of counsel in mitigation? His action would appear to have been willful, but that will be adjudged at the hearing. He attended the court (Vice-Chancellor Backes sitting for the chancellor on the return of the order) and refused to wait to be heard. Once the restraint was issued, how can his act in violation thereof be condoned? His affidavit filed in the proceedings in which he admits acts, the subject of contempt, leads to an order denying the motion to vacate the order to show cause.
I will set a day for hearing unless the cause is submitted on the affidavits as filed and the hearing waived. *Page 159