On notice of motion to vacate the order to show cause why the respondents should not be held in contempt, the motion was denied, and the opinion is reported in 113 N.J. Eq. 155. On the hearing now before me on the order to show cause why the defendants should not be held in contempt, counsel waived hearing and agreed to submit the matter for decision upon the verified petition, affidavits, and replying affidavits.
On January 10th, 1933, an order was made adjudging the H B Investment Company, a corporation, insolvent, and petitioner, Joseph J. Schotland, was appointed custodial receiver. The order enjoined the corporation, its officers, servants, and agents from "exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, moneys, funds, lands, tenements or effects, except to the receiver appointed by this court." The proceedings resulting in the order of insolvency, appointment of receiver, and containing the injunction are predicated upon "An act concerning corporations" (Revision of 1896). 2 Comp. Stat. p. 1640 § 65. The order appointing the custodial receiver was returnable January 17th, 1933, and on the return day *Page 453 
the petitioner was continued as receiver, and although it is admitted by the respondents that they were served with the order of January 10th, 1933, containing the injunction, they signed and filed a petition to have the corporation declared a bankrupt on January 18th, 1933, in the United States district court for the northern district of New Jersey.
Counsel for the respondents contend that it was not within the power of this court in the enforcement of "An act concerning corporations" (Revision of 1896, section 65, supra), to enjoin the H B Investment Company, its officers, servants, and agents from filing its petition in the United States district court for the northern district of New Jersey, praying adjudication in bankruptcy, because its jurisdiction is not so extensive as to permit it to enjoin anybody who is a party, directly or indirectly, to a proceeding under the state's insolvency laws, whether individual or corporation, from exercising their constitutional right to invoke the processes of the bankruptcy laws of the United States.
Under article 1, section 8, paragraph 4 of the constitution of the United States, congress is given the power "to establish a uniform rule of naturalization, and uniform laws on the subject of bankruptcies throughout the United States." Under the power thus conferred it enacted the federal statute familiarly known as "the Bankruptcy act," which provides in section 4a (11 U.S.C.A.
§ 22) that: "Any person except a municipal, railroad, insurance or banking corporation, shall be entitled to the benefits of this act as a voluntary bankrupt."
In Struthers Furnace Co. v. Grant, 30 Fed. Rep. 2d576, circuit court of appeals, sixth circuit, a voluntary petition in bankruptcy was filed April 18th, 1927, in the district court, pursuant to a resolution of the board of directors authorizing such action. An order of adjudication was entered immediately after the filing of the petition. The state court receiver moved to vacate it. The motion was granted on April 23d for the reason, as stated by the district judge, that "it would be a vain thing to continue the bankruptcy proceedings herein on the adjudication heretofore entered in this cause and that the parties applying for such adjudication *Page 454 
have estopped themselves from so doing by the commencement of the proceedings in which the aforesaid state receiver was so appointed and has been so acting." On appeal from the district court, the circuit court said: "The question before us on this appeal is not as to the rights of the respective parties in the corporate property in case the adjudication in bankruptcy is deemed proper, but solely as to the validity of the adjudication. The Bankruptcy act, in section 4a (11 U.S.C.A. § 22), provides: `Any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of this act as a voluntary bankrupt.' Appellee contends that this broad language must be limited so as to exclude corporations instituting bankruptcy proceedings for the purpose of ending state court receiverships to which they have voluntarily submitted.
"It is clear that the mere existence of an equity receivership does not preclude directors from assisting others in procuring an adjudication in involuntary bankruptcy, even though the state court has had control of the property for more than four months and has issued the usual injunction against interference."
In re Yaryan Naval Stores Co. (Circuit Court of Appeals,Sixth Circuit), 214 Fed. Rep. 563, the Yaryan Naval Stores Company, an Ohio corporation, operated factories in Georgia and Mississippi. On May 24th, 1913, in a suit by a creditor, the United States district court for the southern district of Georgia appointed receivers. The same receivers were appointed in Mississippi. The receivers qualified and took possession of the corporate property in those states. The order appointing the receivers enjoined "the defendant company and its officers, directors, agents and employes * * * from instituting or prosecuting any actions, suits or proceedings against the defendant, * * *, or proceedings affecting any property in which the Yaryan Naval Stores Company is interested, without the order and permission of this court." On December 1st, 1913, creditors, who had not appeared in the suit in Georgia, nor obtained leave of that court so to do, filed petition in the United States district court for the northern *Page 455 
district of Ohio, western division, praying that the company be adjudged a bankrupt. The board of directors of the company on December 15th, 1913, adopted a resolution which it caused to be delivered to one of the petitioning creditors, in which the company substantially in the language of the Bankruptcy act, admitted its inability to pay debts and willingness to be adjudged a bankrupt. The creditors' petition was amended by leave of the court so as to allege the admission of the company. The company filed answer and admitted the allegations contained in the amended petition, and thereupon an order was entered adjudging the Naval Stores Company a bankrupt upon the sole ground that it had committed an act of bankruptcy by its admission above set forth. The appeal from the order was prosecuted by some opposing creditors and the receivers, they contending that "the acts of the petitioning creditors in filing the original petition and the amendment thereto, and the several acts of the company in passing the resolutions admitting its inability to pay its debts and its willingness to be declared a bankrupt, the admission in writing of the same, and the filing of its answer to the petition and amendment, were each and all acts in violation of the order of injunction made by the district court of Georgia, and in contempt of that court, and therefore null and void, and should not have been recognized or given effect by the court below." The circuit court of appeals in passing upon the question said: "The unsoundness of this contention is declared and demonstrated by the plain and positive provisions of the Bankruptcy act itself." The court then sets forth section 4 of the act, supra, and continuing says: "This language is so broad and comprehensive as to be all-embracing and all-inclusive. It clearly manifests the intention of congress to confer the rights and privileges of the Bankruptcy act upon all persons and all corporations except those expressly exempted from its operation. Rights and privileges so positively bestowed cannot be destroyed, denied, or abridged by any power save that which created and brought them into being. Nor, in the absence of specific declaration, will it be presumed that any court intends to make an order which must *Page 456 
be ineffective because in direct conflict with the legislative will and mandate. (Italics mine.)
"The settled rule is that the jurisdiction of the courts in bankruptcy in the administration of the affairs of insolvent persons and corporations is exclusive and paramount. In re Watts Sachs, 190 U.S. 1; 23 Sup. Ct. 718; 47 L.Ed. 933; AcmeHarvester Co. v. Beekman Lumber Co., 222 U.S. 300;32 Sup. Ct. 96; 56 L.Ed. 208; United States Fidelity and Guaranty Co. v.Bray, 225 U.S. 205; 32 Sup. Ct. 620; 56 L.Ed. 1055; LehighCarriage Co. v. Stengel, C.C.A. 6; 95 Fed. Rep. 637;37 C.C.A. 210.
"In the present case, the Naval Stores Company had the undeniable right to go into voluntary bankruptcy, and to take any legitimate steps to bring about that result, and to obtain for itself and its creditors the benefits of the Bankruptcy act. The petitioning creditors were also clearly within their rights when they applied for and obtained from the court having jurisdiction an order adjudging the company a bankrupt. Indeed, upon the showing made, the court of bankruptcy could not have denied the relief which it alone had jurisdiction and authority to grant.
"In the appointment of the receivers and the issuance of the injunction, the powers of the court in Georgia were likewise properly exercised. There the solvency of the company was averred and admitted. The necessary element of involuntary bankruptcy was wanting. Only a court of equity could give the desired relief. But the order of that court must be read and interpreted in the light of, and in connection with, the relevant and explicit provisions of the controlling act of congress. When so read and interpreted, it contains nothing which indicates an intention to prohibit a due application being made to the appropriate bankruptcy court or the exercise by the latter court of its special jurisdiction and powers, whenever the requisite statutory conditions might be found to exist.
"We are not impressed with the argument that the Bankruptcy act was not properly invoked on the ground that the receivership was not an act of bankruptcy, and, if it had been. *Page 457 
was not assailable because bankruptcy proceedings were not begun within four months thereafter. This contention overlooks the consideration that the act on which the adjudication is based is not the original receivership, but the debtor's admission of insolvency, presumably occurring or discovered subsequent to the original receivership. To deny the right of the debtor, when such insolvency is found to exist, to take the benefit of the act and thereby secure a discharge from its debts, is to deny the ultimate paramountcy of the act, which is designed, not merely for the benefit of creditors, but for that of the debtor as well."
In Crosby Stores, Inc., v. Irving Trust Co., c., this court on October 13th, 1931, appointed receivers who took possession of the assets in New Jersey. On October 14th, 1931, an involuntary petition in bankruptcy was filed for the southern district of New York, and the Irving Trust Company was appointed receiver, and thereupon on December 11th, 1931, the federal court issued its order to show cause why the receivers should not turn over the assets to the trustee in bankruptcy and account to the federal court. On December 14th this court made allowances to the receivers and counsel, and the federal district court on December 21st, 1931, enjoined the receivers from interfering with the trustee and from disposing of the moneys paid to them under the order of the court of chancery, which resulted in an appropriate order later against the receivers and counsel by the federal district court which on appeal was affirmed by the circuit court of appeals. 61 Fed. Rep. 2d 812. On certiorari to the United States supreme court the jurisdiction of the bankruptcy court was held to be paramount and the power of the state court declared to have ended with the supervening bankruptcy.
Upon the adjudication of bankruptcy the district court acquires exclusive jurisdiction to administer the estate of the bankrupt generally. In re Diamond's Estate, 259 Fed. Rep. 70. The bankruptcy court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. The bankruptcy court has exclusive jurisdiction *Page 458 
to deal with the bankrupt estate. Isaacs v. Hobbs Tie andTimber Co., 282 U.S. 734. The bankruptcy court itself is powerless to surrender its control of the administration of the estate. United States Fidelity and Guaranty Co. v. Bray,supra.
The right and the privilege to file petition in bankruptcy by the respondents upon the authority of the foregoing is clear, and that right could not be affected by the injunctive process of this court. Indeed, it was held in In re Drake Motor and TireManufacturing Corp., 16 Fed. Rep. 2d 142, that while it is elemental that one court will not undertake to interfere by injunction or otherwise with the proceedings of another court, that neither this well settled rule of law, nor section 265 of the judicial code (Comp. Stat. § 1242), which provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state,except in cases where such injunction may be authorized by any law relating to procedings in bankruptcy," * * * "has any application in a case where a bankruptcy court is asked to protect and preserve its own jurisdiction by injunctive relief, as is clearly disclosed," and that while the court in that case was not in fact asked to enjoin contempt proceedings in the state court, said, "this court would have the right so to do in case it should become necessary to keep its own doors open." Cases holding that, in order to maintain the jurisdiction of a federal court, properly invoked, and render its judgments and decrees effectual, proceedings in a state court which would defeat or impair such jurisdiction may be enjoined, are French v. Hay
(French v. Stewart), 89 U.S. 250; 22 L.Ed. 857; Dietzsch v.Huidekoper (Kern v. Huidekoper), 103 U.S. 494, 497;26 L.Ed. 497, 498; Julian v. Central Trust Co., 193 U.S. 93, 112;48 L.Ed. 629, 639; 24 Sup. Ct. 399; Madisonville Traction Co. v.St. Bernard Min. Co., 196 U.S. 239, 245; 49 L.Ed. 462, 464;25 Sup. Ct. 251; Looney v. Eastern Texas Railroad Co.,247 U.S. 214, 221; 62 L.Ed. 1084, 1087; 38 Sup. Ct. 460.
The constitution of the United States is the supreme law *Page 459 
of the land. It empowered congress to enact uniform laws on the subject of bankruptcy, and congress having exercised its legislative powers by enacting a general bankruptcy law, it is the duty of citizens, officers and courts to recognize, observe, respect and bow to the provisions of that law.
The conclusion is inescapable that if the bankrupt files petition and thus complies with the act and so brings himself within its provisions, no state court can deprive the bankrupt of the benefits of the law, and neither may a state court punish one of its citizens for taking advantage of the rights andprivileges conferred under the act.
The order to show cause why the respondents should not be held in contempt will be discharged.