GAY et al. v. HUDSON RIVER ELECTRIC POWER CO. et al.

SAME v. HUDSON RIVER ELECTRIC POWER CO.

(Circuit Court, N. D. New York. October 29, 1910.)

COURTS (§ 508*)—RESTRAINING SUITS—FEDERAL AND STATE COURTS—CONCURRENT JURISDICTION—STATUTES.

Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), provides that an injunction shall not be granted by any federal court to stay proceedings in any court of a state, except where such injunction would be authorized by any law relating to proceedings in bankruptcy. Section 716 says that the federal court shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the usages and principles of law. Held, that section 720 was modified by section 716, and hence, where a federal court, in the exercise of its concurrent jurisdiction, has taken possession of all the property of certain corporations in receivership proceedings, it will enjoin the prosecution of suits against such corporations in the state court, by which the property so taken may be seriously impaired and the operations of the receiver seriously interfered with.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 508.*

Enjoining proceedings in state courts, see notes to Gardner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suits by Eben H. Gay and another against the Hudson River Electric Power Company and others. Application by defendant's receivers for an injunction restraining prosecution of certain suits at law in the Supreme Court of New York. Application granted.

See, also, 180 Fed. 222.

Application by the receivers of the defendants, on return of order to show cause, for an injunction restraining certain parties from prosecuting a suit in the Supreme Court of the state of New York, commenced by summons on the day the bills of complaint herein were presented and an application made to this court for a receiver to take possession of and control and operate all the property of the defendants, and which application resulted in the appointment of receivers, their taking possession, and their continued possession, operating all such properties under the order of this court. The effect of a decree in the state court for the plaintiffs there, if operative, would be to restrict and limit, if not prohibit, the use and operation of much of the property of the defendants now in the possession of this court through its receivers.

Abram J. Rose and Geo. B. Curtiss, for receivers.
Frank L. Bell, for plaintiffs in the action in the state court.

RAY, District Judge (after stating the facts as above). This court, on the bills of complaint herein and other papers, the complainants being citizens of the state of Massachusetts and defendants citizens of the state of New York, granted an order to show cause why receivers of the various properties of all the defendants herein should not be appointed, with power to take possession of and operate such properties, etc. The bill alleged that all the eight defendant companies were being operated as one, under one management and indirectly through one ownership, by way of control and ownership of stock, etc., and that such corporations were insolvent, and that their properties were being mismanaged and wasted, etc. This application resulted in the appointment of receivers on the 29th day of October, 1908, and their qualification as such. They immediately took possession of such properties by order of this court, and have been in possession thereof and operating them since. These properties consist in the main of water powers and plants generating and supplying electricity and electric power mainly on and along the Hudson river. The dam at Spiers Falls, on that river, holds back the water of the river, except in times of high water, and except as discharged by the ordinary running of the plants of some of the defendants. The said corporations supply electrical power and light to the public and are quasi public corporations.

On the same day such order to show cause was granted Finch, Pruyn & Co., Incorporated, the Union Bag & Paper Company, and International Paper Company commenced an action in the Supreme Court of the state of New York against Hudson River Electric Power Company, Hudson River Water Power Company, and Hudson River Electric Company, three of the defendants in this action, by the service of a summons, and thereafter, and after the appointment of such receivers by this court in this action, and after such receivers had gone into possession of such properties, served their complaint, in which they allege that said companies are by their dams, flowage, etc., un-

lawfully using, holding back, and diverting the said waters of said river, to the great damage of said plaintiffs, and the prayer for relief is that the said named Hudson River Companies be enjoined from holding back and using the water aforesaid as they have heretofore done and are now doing, and that their use of the water and of said water powers and plants be regulated by a decree of said Supreme Court of the state of New York.

The plaintiffs in such action in the Supreme Court are pressing same for trial and noticing same for trial, and if such action is brought to trial in said state court, and results in a judgment and decree in favor of said plaintiffs, it is evident that the said receivers appointed by this court will, as to the use of such water powers, be subject to and under the control and direction of the Supreme Court of the state of New York, and not that of the Circuit Court of the United States and that the value of such properties affected by such action will, if said plaintiffs are successful, be seriously affected, and the rights and interests of such Hudson River Companies and of their mortgagees and mortgage bondholders seriously impaired, and the operations of said receivers seriously interfered with.

The question is, in view of section 720, Rev. St. (U. S. Comp. St. 1901, p. 581) reading as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy"

—and of section 716, Rev. St. (U. S. Comp. St. 1901, p. 580), reading as follows:

"The Supreme Court and the Circuit and District Courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law"

—has this court power to grant an injunction or writ of injunction restraining the said plaintiffs in the action in the state court from further prosecuting such suit in that court?

In Julian v. Central Trust Co., 193 U. S. 93, 112, 24 Sup. Ct. 399, 407, 48 L. Ed. 629, it was decided that:

"Where the federal court acts in aid of its own jurisdiction and to render its decree effectual, it may, notwithstanding section 720, Rev. St., restrain all proceedings in a state court which have the effect of defeating or impairing its jurisdiction."

The Supreme Court cites and approves, on this point, Sharon v. Terry (C. C.) 36 Fed. 337, 1 L. R. A. 572; French v. Hay, 22 Wall. 250, 22 L. Ed. 857; Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497.

In the case at bar the Circuit Court of the United States has the lawful possession of all the property in question, and by its receivers is operating and managing it, and in that court mortgages thereon securing mortgage bonds are being foreclosed, and in such ancillary suits of foreclosure the same receivers have been appointed. The state

court has no possession of the property. In 1 Rose's Code of Federal Procedure, p. 169, § 20, note "c," it is said:

"So, where a federal court by priority or possession of the res in controversy has acquired exclusive power to proceed, it will restrain the parties from proceedings in the state court."

In Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379, the court held:

"The taking possession by a court of competent jurisdiction of property through its officers withdraws that property from the jurisdiction of all other courts, and the latter, though of concurrent jurisdiction, cannot disturb that possession, during the continuance whereof the court originally acquiring jurisdiction is competent to hear and determine all questions respecting the title, possession, and control of the property. * * * The possession of property in the Circuit Court [of the United States] carries with it the exclusive jurisdiction to determine all judicial questions concerning it," etc.

It seems to me clear that section 716, Rev. St., modifies section 720, and that, in the light of the decisions, the Circuit Court, having taken possession of all the property in question, and being lawfully engaged in operating it, may and should enjoin the parties in question from further prosecuting the suit in the state court, and that it must do this to protect the lawful exercise of federal jurisdiction.

Motion granted.