## DURANT v. UNITED STATES.
### No. 287.

District Court, E. D. North Carolina,
Wilmington Division.

Oct. 14, 1943.

R. D. Stone, of Wilmington, N. C., and John W. Oast, of Norfolk, Va., for libellant.

James O. Carr, U. S. Dist. Atty., of Wilmington, N. C., and Charles F. Rouse, Asst. U. S. Dist. Atty., of Kinston, N. C., and Harold B. Finn, of Department of Justice, of Washington, D. C., for libelee.

MEEKINS, District Judge.

### Findings of Fact.

1. Between March 9 and March 29, 1941, the Italian Motorship Villarperosa lay in the port of Wilmington and during said period libellant alleges that he delivered to her master on his order for the use of said vessel coal, foodstuffs and supplies to the value of $358.62.

2. On March 30, 1941, the United States took the Villarperosa into protective custody to prevent her destruction and loss, it having been ascertained that the master and crew had committed certain acts of sabotage on board.

3. On April 7, 1941, libellant exhibited his libel against the United States, alleging a cause of action under the Suits in Admiralty Act of March 9, 1920, praying, on the principles of libels in rem as well as in personam, for a decree for said account of $358.62.

4. Respondent duly filed exceptions to the libel, alleging that the Court did not have jurisdiction.

5. Libellant thereafter duly propounded nine interrogatories to respondent and respondent excepted to the same.

6. The Villarperosa was during the times named in the libel, a privately owned and operated merchant vessel of the Kingdom of Italy.

7. The transactions alleged in the libel were transactions between libellant and the master representing the Italian merchant vessel Villarperosa owned and operated by a national of Italy.

### Conclusions of Law.

1. The United States may not be sued in the District Courts of the United States without the expressed consent of the Congress.

2. The United States has not consented to be sued for or on account of debts incurred by the master of a foreign flag vessel such as the Villarperosa was.

3. The United States, by taking protective custody of the Villarperosa, did not assume to pay or discharge the prior debts and liens of said vessel.

■ 4. The Villarperosa was not a vessel within any of the descriptions and catagories stated in the Suits in Admiralty Act, 1920, Sec. 1, 46 U.S.C.A. § 741, and the Public Vessels Act, 1925, Sec. 1, 46 U.S.C.A. § 781, and said acts do not authorize a suit in this Court against the Villarperosa, being an Italian merchant vessel in the protective custody of the United States for the purpose of preventing her loss and destruction.

5. The exceptions to the libel and to the interrogatories must be sustained, and the libel dismissed.