**UNITED STATES v. CAIN et al.**
**Civ. No. 1047.**

District Court, W. D. Michigan, S. D.
July 9, 1947.

898

Joseph F. Deeb, U. S. Atty. for the Western District of Michigan, and Theodore H. Elferdink, Asst. U. S. Atty., both of Grand Rapids, for plaintiff.

Philip A. Hadsell and Burns & Hadsell, all of Niles, Mich., for defendants.

STARR, District Judge.

The parties have stipulated the material facts in this case. In pursuance of this stipulation and the pleadings, the court makes the following findings:

### Findings of Fact

1. On August 1, 1944, Dr. Robert Henderson and wife, as owners and lessors, entered into a written lease with the United States of America, as lessee, whereby certain premises on the first floor of the building at 107 north Second street, in the city of Niles, Michigan, within this judicial district, were leased to the United States for the term beginning August 1, 1944, and ending June 30, 1945, at a rental of $70 per month. The lessee was given the right, at its option, to renew the lease from year to year at the same rental and upon the same terms and conditions, provided it gave the lessors written notice of renewal at least 15 days prior to the expiration of the lease or any renewal thereof. The lease further provided that no renewal should extend beyond June 30, 1950. The lessee renewed this lease from year to year, and at the time the present suit was begun, it had been renewed to June 30, 1947.

2. In November, 1946, Robert Henderson and wife conveyed the property in which the leased premises were located to defendants Fred C. Henderson and wife, Mary G. Henderson.

3. The rent for the months of January, February and March, 1947, became delinquent, and on April 23d defendants Henderson served a seven-day notice, addressed to the United States of America, to quit and surrender the premises because of nonpay-

ment of rent. This notice was served upon one Allen E. Luce, local office manager for the Michigan unemployment compensation commission, which was then occupying the premises.

4. Said Allen E. Luce had been in charge of the premises for the United States from the beginning of the lease in 1944 until December 16, 1946. Thereafter he has continued in charge of the premises as an employee and local office manager for the Michigan unemployment compensation commission.

5. The delinquent rent was not paid in full within the seven-day period provided in the notice to quit, and on May 2, 1947, defendants Henderson began summary suit or proceedings before defendant Thomas W. Cain, Jr., a circuit court commissioner for Berrien county, Michigan, to obtain possession of the premises. Comp.Laws Mich.1929, sec. 14975, subd. 2, Stat.Ann. sec. 27.1986, subd. 2. The commissioner issued a summons directed to the United States of America, which was served upon said Luce.

6. At a hearing on May 6, 1947, the circuit court commissioner entered judgment in favor of defendants Henderson and against the United States for restitution of the premises. The United States was not represented by attorney at this hearing. Luce, who was present at the hearing, requested an adjournment, which was denied by the commissioner.

7. The rent for January and February, 1947, had been paid by the United States as lessee prior to the hearing, and in the judgment of restitution the commissioner determined that there was due to defendants Henderson as lessors the sum of $70 as rent for March. Since the hearing and the entry of judgment of restitution on May 6th, the United States has paid the rent for March and April and has tendered the rent for May. Defendants Henderson accepted the March and April rent but refused to accept the rent for May.

8. On May 12th the commissioner issued a writ of restitution, and defendants Henderson placed it in the hands of defendant Arthur Pears, a police officer, for execution. On May 16th Pears notified Luce, who was in charge of the premises, that he would forcibly execute the writ on May 22d unless possession of the premises had been surrendered to defendants Henderson.

9. On May 21st plaintiff filed complaint in the present case, alleging that the summary suit or proceedings had been instituted by defendants Henderson against the United States of America without its consent and that the judgment for restitution of premises entered in such suit was void. It asked for an order temporarily restraining defendants and each of them from enforcing the judgment of restitution and from executing the writ of restitution; and that they be directed to show cause why the restraining order should not be made permanent. Upon the filing of the complaint this court issued a temporary restraining order, which by stipulation has been continued in full force and effect. Defendants answered, denying plaintiff's right to the relief sought and asking for an order directing it to vacate the premises.

### Discussion

The questions presented are: (1) Is the judgment for restitution of premises entered by the circuit court commissioner on May 6, 1947, void? (2) If the judgment is void, can this court enjoin its enforcement?

Plaintiff contends that the judgment for restitution of premises is void because the summary suit or proceedings before the circuit court commissioner was a suit against the United States of America and that such sovereign power cannot be sued without its consent. Defendants Henderson contend that as the United States had not paid the delinquent rent at the expiration of their seven-day notice to quit for nonpayment of rent, the lease of August 1, 1944, was canceled and terminated, and that they were then entitled to institute summary suit or proceedings in the state court to obtain possession of the premises.

▮▮ The court holds that the summary suit or proceedings which defendants Henderson instituted before the circuit court commissioner was a suit against the United States of America. The rule has been judicially established that the United States as a sovereign power cannot be sued without its consent. The consent of the sovereign power to be sued could be given only by act of Congress. United States v. Shaw,

309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Inaba, D.C., 291 F. 416. The court finds no federal statute authorizing or consenting to a suit or proceedings against the United States to recover possession of leased premises because of nonpayment of rent. In the case of United States v. Sherwood, 312 U.S. 584, 586, 587, 61 S. Ct. 767, 769, 85 L.Ed. 1058, the court said:

"The United States, as sovereign, is immune from suit save as it consents to be sued, United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Kansas v. United States, 204 U.S. 331, 27 S. Ct. 388, 51 L.Ed. 510; Minnesota v. United States, 305 U.S. 382, 387, 59 S.Ct. 292, 294, 83 L.Ed. 235; Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 388, 59 S.Ct. 516, 517, 83 L.Ed. 784; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (see cases cited in The Pesaro, D.C. 277 F. 473, 474, et seq.) and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. Minnesota v. United States, supra, 305 U.S. 388, 59 S.Ct. 295, 83 L.Ed. 235 and cases cited; cf. Stanley v. Schwalby, 162 U.S. 255, 270, 16 S.Ct. 754, 760, 40 L. Ed. 960. Jurisdiction to entertain suits against the United States to recover damages for breach of contract and certain other specified classes of claims was conferred on the Court of Claims by Act of February 24, 1855, 10 Stat. 612."

"We may lay the postulate that without specific statutory consent, no suit may be brought against the United States. * * * Even when suits are authorized they must be brought only in designated courts." United States v. Shaw, supra 309 U.S. at pages 500, 501, 60 S.Ct. 661, 84 L.Ed. 888 (certiorari to the Supreme Court of Michigan).

"The objection to a suit against the United States is fundamental, whether it be in the form of an original action or a set-off or a counterclaim. Jurisdiction in either case does not exist unless there is specific congressional authority for it." Nassau Smelting Works v. United States, 266 U.S. 101, 106, 45 S.Ct. 25, 69 L.Ed. 190.

In United States v. Inaba, supra (291 F. at pages 417–419) the court said:

"It is elementary law that the United States cannot be sued without its consent, clearly manifested by an act of Congress. In Stanley v. Schwalby, 147 U.S. 508, 13 S.Ct. 418, 37 L.Ed. 259, Mr. Chief Justice Fuller speaking for the court, it is said:

"'They (the United States) cannot be subjected to legal proceedings at law or in equity without their consent, and whoever institutes such proceedings must bring his case within the authority of some act of Congress. Such is the language of this court in United States v. Clarke, 8 Pet. 436, 444 [8 L.Ed. 1001]. The same exemption from judicial process extends to the property of the United States, and for the same reasons. As justly observed by the learned judge who tried this case, there is no distinction between suits against the government directly and suits against its property.' * * *

"To compel the United States to go into the state courts for the protection of its property clearly would subject it to the jurisdiction of the state tribunals, precisely like any other litigant, and the consequence would be to force the government into a state court by indirection when this could not be accomplished by direction. * * *

"It is settled law that the judicial tribunals of a state cannot entertain suits in which the sovereign government is sought to be made a party defendant, neither can the property of the government be proceeded against in such courts."

"It is well settled that the United States Government is not suable as of common right, and the party who sues it must bring his case within the authority of some act of Congress or the court cannot exercise jurisdiction over it. * * *

"The federal courts, other than the Supreme Court, do not derive their jurisdiction from the Constitution of the United States, but exercise only such powers as Congress, within constitutional limits, confers upon them." Cook v. United States, 5 Cir., 115 F.2d 463, 464.

See, also United States v. Dry Dock Savings Institution, 2 Cir., 149 F.2d 917; Maxwell v. United States, 7 Cir., 141 F.2d 139; Bates Mfg. Co. v. United States, 1 Cir., 93 F.2d 721; Durant v. United States, D.C., 53 F.Supp. 1003; Blumenthal Print

Works v. United States, D.C., 51 F.Supp. 208; 1 Cyclopedia of Federal Procedure (2d Ed.) sec. 72.

In the present case the United States had, or claimed to have, an interest in the leased premises. In Maricopa County v. Valley National Bank of Phoenix, 318 U.S. 357, 362, 63 S.Ct. 587, 589, 87 L.Ed. 834, the court said:

"A 'proceeding against property in which the United States has an interest is a suit against the United States.' United States v. Alabama, 313 U.S. 274, 282, 61 S.Ct. 1011, 1014, 85 L.Ed. 1327. No such suit may be maintained without the consent of the United States."

"A proceeding against property in which the United States has an interest is a suit against the United States. The Siren, 7 Wall. 152, 154, 19 L.Ed. 129; Carr v. United States, 98 U.S. 433, 437, 25 L.Ed. 209; Stanley v. Schwalby, 162 U.S. 255, 16 S. Ct. 754, 40 L.Ed. 960." Minnesota v. United States 305 U.S. 382, 386, 59 S.Ct. 292, 294, 83 L.Ed. 235.

■ The United States could not, in the absence of congressional authority, intervene in the state court proceedings instituted by defendants Henderson, because no officer of the sovereign power had authority to subject it to the jurisdiction of the state court. In United States v. Inaba, supra (291 F. at page 418) the court said:

"To compel the United States to go into the state courts for the protection of its property clearly would subject it to the jurisdiction of the state tribunals, precisely like any other litigant, and the consequence would be to force the government into a state court by indirection when this could not be accomplished by direction. * * *

"It seems plain, therefore, that the government could not, in the absence of congressional authorization, intervene as a party to the action in the state court; no officer of the government being clothed with authority to subject it to the jurisdiction of a state tribunal."

■] The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have not enlarged the jurisdiction of the courts to entertain suits against the United States. United States v. Dry Dock Savings Institution, supra.

■ The above-cited authorities conclusively establish that under the facts and circumstances shown in the present case, defendants Henderson could not institute suit or proceedings in a state court against the United States to obtain possession of the premises covered by the lease of August 1, 1944. The judgment of restitution entered against the United States by the circuit court commissioner was void and a nullity and cannot be enforced by writ of restitution. In view of this conclusion, it is unnecessary to consider or determine whether or not the seven-day notice to quit for nonpayment of rent effected a cancellation of the lease. Regardless of whether or not the lease was canceled, defendants Henderson could not maintain a suit or proceedings in a state court to evict the United States and obtain possession of the premises.

■ In the event defendants Henderson have a valid and unpaid claim for rent of the leased premises, they may assert their claim against the United States by proceeding under 28 U.S.C.A. § 41(20), Tucker Act. See United States for Use of Mutual Metal Mfg. Co. v. Biggs, D.C., 46 F.Supp. 8, 10.

■] 28 U.S.C.A. § 379, Judicial Code, sec. 265, provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The purpose of this statute was to prevent conflicts of jurisdiction between state and federal courts. Toucey v. New York Life Insurance Co. 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Hale, Chairman, v. Bimco Trading, Inc., 306 U.S. 375, 59 S.Ct. 526, 83 L.Ed. 771. However, it has repeatedly been held that federal courts, by virtue of their general equity jurisdiction, may enjoin a state court from enforcing a void judgment. Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Wells Fargo & Co. v. Taylor, 254 U.S. 175, 41 S.Ct. 93, 65 L. Ed. 205; Sovereign Camp Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870. It has also

been held that a federal statute restricting the jurisdiction of federal courts does not apply against the United States unless it is specifically mentioned in the statute. United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 686, 91 L.Ed. ——, ——; United States v. State of Wyoming, 67 S.Ct. 1319, 1324, 91 L.Ed. ——, ——; United States v. American Bell Telephone Co., 159 U.S. 548, 16 S.Ct. 69, 40 L. Ed. 255.

In the case of United States v. Babcock, D.C., 6 F.2d 160, 161, the court said: "While the Judicial Code provides that a writ of injunction shall not be granted in any court of the United States to stay proceedings in any state court, this court is of the opinion that this rule is not intended to apply to an action wherein the United States government is a party, and wherein it is necessary to issue such injunction to protect the interests of the government of the United States. Section 2, article 3, of the Constitution provides, among other things, that the judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority, and to controversies to which the United States shall be a party. Clearly this provision of the Constitution is intended to give to the federal government jurisdiction, both in law and equity, where the United States is an interested party."

In United States v. Inaba, supra (291 F. at page 419) the court said: "As we have already noted, it is settled law that the judicial tribunals of a state cannot entertain suits in which the sovereign government is sought to be made a party defendant, neither can the property of the government be proceeded against in such courts. * * * It follows, therefore, that the United States, having an interest in the property, may commence and maintain in its own courts such proceedings as may be necessary and appropriate to safeguard and protect its interests, even though such property prior thereto may have been brought within the jurisdiction of a state court."

In support of their contentions defendants cite United States v. Bostwick, 94 U.S. 53, 24 L.Ed. 65, and United States v. Bethlehem Steel Co., 258 U.S. 321, 42 S.Ct. 334, 66 L. Ed.639. In the Bostwick Case suit was instituted against the United States in the court of claims to recover for damages to property leased to the United States. This suit was begun in pursuance of Rev.Stat. sec. 1059, 10 Stat. 612, sec. 1, 28 U.S.C.A. § 250, which provided that the court of claims had jurisdiction of "all claims founded * * * upon any contract, express or implied, with the Government of the United States." The Bethlehem Steel Co. Case was likewise a suit in the court of claims against the United States to recover damages for the use of a patented invention. These cases have no bearing upon the questions presented in the case at hand, except to indicate that defendants Henderson may assert their claim or claims against the United States for delinquent rent by proceeding under 28 U.S.C.A. § 41(20), Tucker Act.

■ This court has jurisdiction of the present case under 28 U.S.C.A. § 41(1), which provides that "the district courts shall have original jurisdiction * * * of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue." The present case involves the possession of certain premises leased to the United States. To protect the interest of the United States, this court can enjoin the enforcement of the void judgment of restitution.

### Conclusions of Law

1. This court has jurisdiction of the parties and of the subject matter of this suit.

2. The United States of America as a sovereign power may not be sued without its consent, and its consent can only be given by act of Congress.

3. The summary suit or proceedings instituted by defendants Henderson before the circuit court commissioner to recover possession of the leased premises was a suit against the United States.

4. The judgment for restitution of premises was void and unenforceable.

5. This District Court has authority to enjoin the enforcement of a void judgment rendered against the United States.

6. Judgment may be entered permanently enjoining the enforcement of the judgment of restitution of premises entered by the circuit court commissioner on May 6, 1947.

7. No costs are allowed.