UNITED STATES ex rel. TENNESSEE VALLEY AUTHORITY v. MOODY et al.

UNITED STATES ex rel. TENNESSEE VALLEY AUTHORITY v. DUGGER et al.

Civ. A. Nos. 458, 462.

United States District Court E. D. Tennessee, N. E. D.

Sept. 30, 1949.

Joseph C. Swidler, Charles J. McCarthy, James H. Eldridge, Knoxville, Tennessee, attorneys for plaintiff.

L. B. Bolt, Jr., Knoxville, Tennessee, attorney for defendants.

TAYLOR, Chief Judge.

These cases were heard together on the motions involved, and, as a convenience to Court and counsel, will be disposed of in like manner.

Petitions for condemnation and declarations of taking were filed in August, 1948. Orders of possession were granted by the Court, each order providing that the petitioner, Tennessee Valley Authority, "be put into immediate, quiet, full and peaceable possession of the property described and sought to be condemned in the above entitled suit, and every part thereof, to such extent as is necessary to permit the Tennessee Valley Authority to carry on any of its operations, and that the respondents in such suit surrender possession of the said property to the Tennessee Valley Authority accordingly."

Pursuant to the order of possession, respondents in Cause No. 458 were directed by petitioner to surrender possession by October 1, 1948. Respondents in Cause No. 462 were similarly directed to vacate by October 8, 1948. Upon advice of counsel, both sets of respondents disregarded the notices to vacate, and on October 16 and 18, 1948, petitioner notified respondents that it would on October 22, 1948, move the Court that they be held in contempt of court for their refusal to obey the orders of possession, or, in the alternative, for a new order of possession should the Court find that respondents had not been wilful in their non-compliance with the prior orders.

In the meantime, on September 16 and 18, 1948, respondents had filed their motions to set aside the declarations of taking and orders of possession, on the broad ground that petitioner had attempted to perpetrate a fraud upon the Court, in that petitioner had changed its procedure relative to determination of the amount to be deposited toward compensation for the property being condemned, but had left the Court uninformed as to the procedural change. It is also charged in the motions that agents of petitioner did not fully inform petitioner's board of directors of the procedure followed in arriving at appraisals of the values of respondents' lands.

In aid of their motions, respondents further moved that subpoenas be issued for certain independent appraisers, petitioner's project manager for the district in which the condemned lands were situated, and two of the three directors of petitioner, requiring them to appear before the Court and be examined in connection with respondents' charges.

The lands involved were located in the reservoir area of Watauga Dam. Construction schedule for the dam called for closing of its floodgates on December 1, 1948. Because of completion of the dam and the filling of the reservoir, the question of whether a new order of possession should be granted has become moot. At the hearing on the motions, the Court indicated its opinion that respondents were technically in contempt. That opinion has not changed. Counsel for petitioner was not inclined to be vindictive toward respondents, and the Court is not so inclined. Whether petitioner has any claim for damages, or any cause of action therefor, the Court does not find it necessary presently to decide.

The motions to set aside the declarations of taking and to vacate the orders of possession should be denied. The Tennessee Valley Authority Act has vested petitioner with the power of eminent domain. 48 Stat. 58, 16 U.S.C.A. § 831 et seq. The Act also designates the procedure for final determination of the compensation that shall be paid the owner whose property has been taken. The amounts deposited in Court at the time of filing of the declarations of taking are not final determinations. Changing of the procedure for final determination of compensation would be statutory. That for arriving at an amount to be deposited with a declaration of taking is administrative. The Act does not require petitioner to adhere indefinitely to an administrative course which it may

have begun and followed for a time, and if petitioner decides that one method of appraisal in condemnation cases suits its purposes better than another, its choice is not a matter of judicial concern.

Over a period of more than a decade, this Court has had many occasions to state its position on that point. It has consistently declined to inquire into the purely administrative processes of the Tennessee Valley Authority. Decisions amply support the position. See, United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209; Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738. The right to condemn is not disputed. The right of the property owners to just compensation is conceded. What will amount to just compensation remains to be determined in the manner prescribed by the Act. Provision by the Act of a specific method of determining just compensation implies that questions relative to compensation should not anticipate application of the prescribed method. United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011. Amounts deposited with the declarations have little or no bearing, therefore, on determination of the ultimate awards, and from the standpoint of the property owners, as well as from that of the Court, the appraisal method upon which the deposits were based seems immaterial and unimportant.

Motions of respondents, as well as those of petitioner, should be denied. Costs incident to all of the motions should be charged to respondents. Orders will be prepared accordingly.