UNITED STATES v. TAYLOR'S OAK RIDGE CORPORATION.

Civ. No. 1387.

United States District Court
E. D. Tennessee, N. D.

Feb. 23, 1950.

Otto T. Ault, United States Attorney, Chattanooga, Tenn., Ferdinand Powell, Jr., Assistant United States Attorney, Knoxville, Tenn., for plaintiff.

William Waller (of Armistead, Waller, Davis & Lansden), and Tom Stewart, Nashville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Suit was commenced by plaintiff to enjoin defendant from continuing an allegedly unlawful possession of certain department store facilities located at Oak Ridge, Tennessee, and to recover a balance of compensation due for the use of certain chattels and damages for unlawful retention of possession of the realty. Defenses urged are prematurity of suit, lack of jurisdiction of the subject matter, improper choice of remedy, and denial of illegal or wrongful possession.

Defendant entered into possession of the realty pursuant to a written contract executed July 9, 1946, which, after extensions, expired by its terms January 31, 1950. It provided that within 15 days after expiration, the defendant should have removed its merchandise from Oak Ridge.

30

Defendant has insisted that the contract was one of lease, hence subject to the State law of landlord and tenant, but the instrument describes itself as a concession agreement and the defendant as a concessionaire, and the control over the business of the concessionaire and rights of entry and inspection retained by the owner of the realty are so extensive as to negative any notion that a lease of the realty was intended or effected.

In the recent case of United States v. Hodge et al., Civil Action No. 1130, 89 F.Supp. 25, this Court held that the law relating to eviction of a lessee had no application, the occupancy in that case being under a license no different in principle from the concession agreement under which defendant has held, and still retains, occupancy. Defendant's insistence that an action under State law for eviction of a hold-over tenant was the proper procedure is, therefore, rejected.

█ Lack of jurisdiction of the subject matter has been urged on the ground that at the time the complaint was filed here, an injunction suit was pending in a State court. Before expiration of defendant's concession, Roane-Anderson Company, the contract-agent of plaintiff at Oak Ridge, notified defendant that its concession would not be further extended, but that bids for a lease would be invited from firms engaged in mercantile businesses. About 500 firms were invited to submit bids, and six of them responded. The proposal of Loveman's of Chattanooga, Tennessee, was recommended by Roane-Anderson Company as the most acceptable, and the recommendation was approved by the Atomic Energy Commission, the Government agency which has control of the properties at Oak Ridge. Considering that its proposal should have been accepted, defendant on January 25, 1950, filed suit in the Chancery Court of Anderson county, Tennessee, to enjoin Roane-Anderson Company from disturbing its possession of the facilities covered by the concession agreement. A temporary restraining order was granted by the State court and a time set for hearing on motion to dissolve the order.

While the suit was pending there, the Government filed its complaint here. The Government's suit was commenced February 6, 1950, after expiration of the term of the concession, but before expiration of the grace period of 15 days following termination of the concession. The suit here sought to enjoin defendant from continuing its occupancy. On February 10, 1950, this Court entered an order directing defendant to show cause on February 20, 1950, why plaintiff should not be granted a restraining order. At the hearing February 20 plaintiff, before presenting its proof, was allowed to amend its complaint by praying for an order restraining defendant from proceeding in the State Court suit. Over objections as to relevancy defendant was allowed to present extensive proof respecting the merits of its case. That proof in the main had for its purpose a showing that defendant submitted the best proposal in response to the invitation to bid and that its nonacceptance was due to arbitrariness and capriciousness on the part of Roane-Anderson Company.

Counsel for defendant in essence, if not in fact, conceded at the hearing that the Court has jurisdiction to proceed, the pendency of the suit in the State court notwithstanding. Otherwise the Court would be, and is, of the opinion that it has that jurisdiction. There is no conflict between sovereignties. The State of Tennessee is not a party litigant. Nor is it a party in interest. No police power of the State is drawn into question, and no statute of the State is infringed. No question of title is involved, hence the land laws of the State are neither invoked nor sought to be by-passed. That the State of Tennessee has not granted the land to the United States by an act of cession, if such is the case, is not a reservation to private individuals or corporations of a right to ignore or usurp the interest which the United States has acquired, in this case the fee-simple title and its attendant right of possession.

█ It cannot well be said that the suit here was premature, when defendant had already thrown down the challenge in the State court. Defendant's concession ended by its terms January 31, 1950. Its period

of grace was to be used for removal of defendant's merchandise from Oak Ridge. Use of the period to defeat the necessity of removal was inconsistent with the idea of grace and in the Court's opinion was such a breach of conditions as freed the Government's hands to bring suit at once.

■■■ As to whether defendant's bid should have been accepted in preference to others is not a subject for judicial review, the decision therein being an exercise of administrative functions of the Atomic Energy Commission. While the Court has not been referred to any statute which excludes the matter from judicial review, this Court over a period of several years has had many occasions to consider whether it should undertake a review of purely administrative procedures of Government agencies. Where there has been no violation of a vested right, this Court has consistently refused to intervene in such administrative affairs. See, United States ex rel. Tenn. Val. Authority v. Moody, D.C., 86 F.Supp. 694. This is in accord with the principle of separation of powers between the legislative and judicial branches of the Government, expressed with considerable frequency in connection with the exercise of the power of eminent domain. United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209; United States ex rel. Tenn. Val. Authority v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843. In some relations the principle has been carried to the extreme limit by statute, as in the administration of Veterans' affairs. 38 U.S.C.A. § 705.

■■ Defendant had no vested right to have its bid accepted in preference to others. It offered testimony which tended to show that Roane-Anderson Company had orally promised that defendant would receive preferential treatment as to extension of its concession because of expenditures which defendant undertook to make in adding fixtures and otherwise improving the facilities to be used under the concession agreement. There is marked inconsistency between any promise of that kind and the specific language of the written concession agreement which provided for amortization of those expenditures at the expense of the Government's agent, Roane-Anderson Company. Had there been a promise to give defendant such preferential treatment as to obligate Roane-Anderson Company to recommend acceptance of defendant's bid regardless of comparitive merit, there would have been no bona fide reason for inviting bids from other firms, to say nothing of the objection to such an arrangement on grounds of public policy.

A more substantial argument has been advanced in that Roane-Anderson Company allegedly acted arbitrarily and capriciously in rejecting defendant's bid. While this Court has declined to intervene in the administrative decisions of Government agencies, it has not foreclosed itself from doing so, in the event it should appear that an agency has acted arbitrarily and capriciously to the detriment of a party dealing with it. See this Court's opinion in United States ex rel. Tenn. Val. Authority v. Dugger, D.C., Civ. Action No. 346, 89 F.Supp. 877. In the present case there is no preponderance of evidence that Roane-Anderson Company acted otherwise than fairly and in good faith in accepting a proposal other than that of defendant. Hence no reason exists for a departure from precedents of the Court.

■■ Plaintiff's remedy at law was inadequate. Following acceptance of Loveman's proposal, Roane-Anderson Company and the successful bidder agreed upon the terms of a contract for lease of the facilities under consideration, a provision of which called for delivery of possession to Loveman's on March 1, 1950. By telegram of January 10, 1950, and follow-up letter of January 12, 1950, Roane-Anderson Company notified defendant that Loveman's bid had been accepted and called upon defendant to vacate the premises by February 15, 1950. Instead of vacating, defendant by its original bill in the State court on January 25, 1950, sought and obtained an injunction restraining Roane-Anderson Company from undertaking to oust defendant and from proceeding further to enter into a concession agreement with anyone other than defendant. Had plaintiff followed legal procedure as in cases of eviction, the time lapse would have made im-

possible the delivery of possession to the successful bidder on March 1, 1950, or within a time even approximating that date. In this situation, plaintiff had no adequate remedy at law but was put to the necessity of summary proceedings.

Propriety of an injunction is clear, despite pendency of the suit in the State court. The rule of comity which has been made into statute, 28 U.S.C.A. § 2283, is not applicable where the United States is complainant, for the reason that the sovereign is not included within its terms. Dollar Savings Bank v. United States, 19 Wall. 227, 86 U.S. 227, 239, 22 L.Ed. 80; United States v. Herron, 20 Wall. 251, 87 U.S. 251, 263, 22 L.Ed. 275; Stanley v. Schwalby, 147 U.S. 508, 13 S.Ct. 418, 37 L.Ed. 259; United States v. Sherwood, 312 U.S. 584, 586, 587, 61 S.Ct. 767, 85 L.Ed. 1058. Plaintiff does not seek an injunction aimed directly at the State court, but one which will operate upon defendant, its officers and agents. This relief preserves only a semblance of comity, for it is immaterial whether the injunction stays proceedings in the State court by operating upon an officer of the court or upon a party, the result by either route being to stay the State court proceedings. Oklahoma Packing Co. v. Gas Co., 309 U.S. 4, 9, 60 S.Ct. 215, 84 L.Ed. 537. Nevertheless, the proceedings in the State court should be stayed, though the stay is accomplished indirectly. While the suit in the State court is not expressly a suit against the United States it is, in its results, a suit against the sovereign without its consent. The buildings at Oak Ridge which are included in the subject matter of the suit are owned by the sovereign, the United States of America. A suit adversely affecting the disposition of property owned by the United States, or in which the United States owns an interest, is a suit against the United States. United States v. Alabama, 313 U.S. 274, 282, 61 S.Ct. 1011, 85 L.Ed. 1327. In that situation the suit in the State court ought not to proceed. United States v. Cain, D.C., 72 F.Supp. 897.

Defendant's holding of the property is wrongful, unjustified and illegal. Plain-

tiff, accordingly, is entitled to an order restraining defendant from continuing its possession of the facilities in suit, or of any part thereof, beyond February 28, 1950, and to an additional order restraining defendant from proceeding with the suit in the State court. Plaintiff is also entitled to payment from defendant of the sum of $146.97 as compensation for the use of personal property included in the concession up to and including December 31, 1949, and for such additional compensation for said use as has accrued thereafter. The Court in the absence of complete and positive proof makes no present finding of damages and, therefore, awards none in this proceeding, but the right of plaintiff to further assert its claim for damages will be reserved.

Let the necessary writs and orders be prepared.